## DAVIS v. THE STATE.

No. 9579. JANUARY 13, 1934.

*Raymond Pierce* and *William D. Turner,* for plaintiff in error.
*M. J. Yeomans,* attorney-general, *W. B. Gibbs,* solicitor-general, *B. D. Murphy* and *J. T. Goree,* assistant attorneys-general, contra.

ATKINSON, J.   Sweat Davis was indicted for the murder of Joe Moody by shooting with a shotgun.  The jury returned a verdict of guilty, without any recommendation.  The defendant's motion for a new trial, based on the usual general grounds and several amended grounds, was overruled.  Error was assigned on that judgment.

■   The first special ground of the motion for a new trial complains of the failure to charge the jury on the law of voluntary manslaughter, as expressed in the Penal Code, § 65.  The basis alleged upon which to predicate such charge was in part a statement of the defendant before the jury, to the effect that at the time of the difficulty the deceased with epithets called the defendant vile names and placed his hand in his pocket as if to draw a weapon, and also testimony to the effect that the deceased had previously made threats to kill the defendant with a pistol, which threats were communicated by witness to defendant.  It was specially urged that the statement of the accused and the evidence were sufficient at least to raise a reasonable doubt as to whether voluntary manslaughter was involved in the case.  The testimony of the witness was insufficient to raise the question of voluntary manslaughter.  If the statement of the defendant before the jury was sufficient to authorize a charge on the law of voluntary manslaughter, there should have been an appropriate written request for a charge on that subject.  This ground of the motion for a new trial is without merit.

■   The second special ground of the motion complains of the charge:  "The burden is on the State to prove his guilt before a verdict of guilty could be considered.  The State contends that it has carried that burden and proved his guilt.  The defendant contends that he is not guilty, and that the State has failed to prove his guilt; and he contends for a verdict of not guilty.  The State contends for a verdict of guilty."  The criticisms of this charge are:  (a) that "the charge  .  .  is not a correct statement of the law,  .  .  in that the burden is upon the State to prove his guilt beyond a reasonable doubt, and the court should have charged the jury that the burden is upon the State to prove his guilt beyond a reasonable doubt before a verdict of guilty could be considered;" (b)  that  the law places upon the State a greater burden than that of merely proving the defendant's guilt, but goes

further and specifies the degree of proof necessary for the State to produce, to wit, "beyond a reasonable doubt;" (c) that the "charge was prejudicial and injurious to movant and to the rights of movant, because it withdrew from the jury the right to know the degree of proof necessary for the State to produce in order to warrant a verdict of guilty, and deprived the jury of the knowledge of and information as to the degree of proof necessary for the State to produce in order to warrant a verdict of guilty in this case;" (d) that the "charge withdrew from the jury the right to consider whether or not the State had established the guilt of movant beyond a reasonable doubt, as provided by law." The third ground complains of the charge: "It is just as much the duty of the jury to acquit a man as it is to convict him; if his guilt is established in the judgment of the jury under the evidence, then it would be their duty to convict him; if it is not established, or if a defendant is justified under the laws of self-defense, then it is the duty of the jury to acquit him." The criticisms upon this charge have reference to the law of "reasonable doubt," and are substantially as above set forth. The fifth ground complains that "the court erred in not charging the jury that if they had a reasonable doubt as to the defendant's guilt they should resolve that doubt in his favor and acquit him." The sixth ground complains that "nowhere in said entire charge did the court charge the jury that if they had a reasonable doubt as to the defendant's guilt they should acquit him, such being a correct principle of law."

These several grounds of the motion for a new trial relate to the subject of reasonable doubt, and will be considered together. They must be viewed in the light of the general charge, in the first paragraph of which it is stated: "Before you would be authorized to find the defendant guilty, you must believe beyond a reasonable doubt that the defendant is guilty of the offense of murder as charged in the bill of indictment." In the third paragraph it is stated: "The defendant enters upon the trial presumed to be innocent, and this presumption continues and still exists unless in your opinion the State has overcome and removed that presumption of innocence by satisfactory proof of the defendant's guilt to the extent which I have already stated, beyond a reasonable doubt." In the seventh paragraph it is stated: "Whether dependent upon direct or circumstantial evidence, the true ques-

tion in criminal cases is not whether it be possible that the conclusion at which the evidence points may be false, but whether the testimony is sufficient to satisfy the minds and consciences of the jury beyond a reasonable doubt. Before you would be authorized to convict or base a finding on circumstantial evidence alone, the proved facts must not only be consistent with the hypothesis of guilt but must exclude every other reasonable hypothesis save the guilt of the accused." In the fourteenth paragraph it is stated: "If you believe beyond a reasonable doubt that this defendant, . . did kill the person named in this indictment, in the manner charged, by the use of a weapon as charged, and that as used at the time was likely to kill, and you should further believe that at the time of the killing this defendant was in no danger whatever from the person killed, that the person killed was not committing any assault upon him whatsoever, that the circumstances were not such as to excite the fears of a reasonable man that the deceased either intended or endeavored or was about to commit a felonious assault upon his person, but that the killing was intentional and without justification or mitigation, then and in that event you would be authorized to find the defendant guilty of murder." Considered in connection with these excerpts from the general charge, the complaints of the charge and failure to charge on the law of reasonable doubt are without merit.

■ The fourth ground of the motion for a new trial complains that the court erred in charging the jury as follows: "Taking the law as I will give it to you in charge with reference to these contentions in the case, gentlemen, and applying it to the facts as you find them from the witnesses, you are the judges of both the law and the facts and what kind of verdict you should write under the law and the evidence. It is your duty to take the law from the judge as the correct law; and applying it to the facts as you find them from the witnesses, you make a verdict which in your judgment speaks the truth under the law and the evidence." The criticisms are (a) "that said charge . . was erroneous, because it withdrew from the jury the consideration of the defendant's statement, and directed the jury to apply the law to the facts as found from the witnesses and deprived the movant of having the jury consider the defendant's statement;" (b) "that said charge was erroneous, because it specifically confines the jury to the testimony

of the witnesses in determining what the facts of the case were, and withdraws from the jury the right to consider the defendant's statement in determining what the facts of the case were;" (c) "that said charge was erroneous because it deprived movant of the benefit of his statement and the weight it might have had with the jury, for the reason that said charge limited the jury to the consideration of the testimony of the witnesses in determining his guilt or innocence and excluded from their consideration the statement of movant;" (d) "that said charge was erroneous because it failed to instruct the jury that the statement of the defendant should be considered along with the testimony of the witnesses in determining the facts of the case and the guilt or innocence of the movant." In considering these criticisms, reference must be had to the general charge on the subject. In the fourth paragraph of the general charge it is stated: "The defendant . . in all criminal trials has the right to make to the court and jury just such statement in his own defense as he sees fit. His statement is not under oath; he is not permitted to be cross examined like the witnesses; but the law provides that the jury shall consider his statement and give it such force and credit only as they may think right to give it. You may believe it in whole or in part, and you may believe it in preference to the sworn testimony in the case. It is left to the jury to say just what weight and credit the defendant's statement is entitled to and what is disclosed by it." In the sixth paragraph it is stated: "Taking the testimony and the defendant's statement and considering it all separately and collectively, considering all of it as disclosed in this trial, you are to judge of all of it and each and every part of it and finally determine what is the truth, whether the defendant's contentions are true or whether the State's contentions are true. The State's contention that the defendant is guilty of murder and the defendant's contention that he is not, that he was justified in what he did, makes the issue that you are to pass on, and under the evidence, considering the defendant's statement, you are to determine which contention is true and what the truth of the case is, and whether you should write a verdict of guilty or a verdict of not guilty." In the fourteenth paragraph it is stated: "Now gentlemen, after considering the case and weighing all of the testimony and the defendant's statement," etc. When the excerpt from the above charge is considered in connection with

the foregoing statements in the general charge in reference to the prisoner's statement, there is no merit in the ground of the motion for new trial of which complaint is made.

■ The ruling announced in the fourth headnote does not require elaboration.

*Judgment affirmed. All the Justices concur, except Hill, J., absent because of illness.*