## 20206. REDDING v. THE STATE.

WYATT, Presiding Justice. Roland Redding was tried in the Superior Court of Crisp County for murder. He was convicted and sentenced to life imprisonment. His motion for new trial, based upon the general grounds and a number of special grounds, was denied. The exception here is to that judgment. *Held:*

1. In so far as the general grounds of the motion for new trial are concerned, it is sufficient to say only that the evidence abundantly supported the verdict.

2. The first special ground complains because the trial court failed without written request to charge the law relating to voluntary manslaughter. This was not error for the reason that, under the evidence and the defendant's statement, voluntary manslaughter was not involved. The evidence and the defendant's statement showed that the defendant was either guilty of murder or guilty of no offense, because the death of the deceased resulted from an accident or because the defendant killed the deceased in self-defense. *Clyde* v. *State,* 138 *Ga.* 767 (76 S. E. 49); *Miller* v. *State,* 176 *Ga.* 825 (169 S. E. 33); *Davis* v. *State,* 178 *Ga.* 203 (172 S. E. 559).

3. The second special ground of the motion for new trial, not having been argued in this court, will be considered as abandoned.

4. Special ground three complains because the court refused to give in charge to the jury a pertinent and applicable charge requested in writing by the defendant. In *Randall* v. *State,* 210 *Ga.* 435 (1) (80 S. E. 2d 695), this court said: "A written request to charge which is legal and adjusted to a distinct matter in issue, and which may materially aid the jury, should be given in the language requested, although covered by other instructions of the charge in more general and abstract terms." What is there said is applicable in the instant case, and the refusal to give the charge requested in writing was error.

5. Special ground four of the motion for new trial complains that the excerpt excepted to was erroneous and misleading to the jury. The excerpt complained of is not subject to this criticism. It was a portion of the charge in which the judge instructed the jury under what conditions and circumstances the jury would find the defendant not guilty, and what the

form of their verdict would be if the defendant were found not guilty. It was a correct and proper charge and was not misleading to the jury.

6. For reasons stated in division four of this opinion, the judgment of the court below denying the motion for new trial was error and must be

Reversed. *All the Justices concur.*

SUBMITTED SEPTEMBER 9, 1958—DECIDED NOVEMBER 7, 1958.

*Roy McMurray, Jr., Emmett Earl Mallard, Jr., W. R. Forrester,* for plaintiff in error.

*Harvey L. Jay, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson, Deputy Assistant Attorney-General,* contra.