## 44389. BASSETT v. THE STATE.

BELL, Presiding Judge. 1. Larry Bassett was convicted under an indictment charging him with malicious mischief for running his car over and damaging the mailbox and shrubbery of Mrs. C. O. Mathews. Mrs. Mathews, Luther Flournoy, and defendant were immediate neighbors residing on a stretch of road east of Greenville. Flournoy testified that he was awakened around midnight and observed Bassett on the road, performing antics with the car. He was awakened again around 2 a. m. and went out onto his porch to investigate the commotion. The scene was lighted by a mercury lamp in Mrs. Mathews' yard, and Flournoy positively identified the car and recognized defendant as the driver. Defendant was again driving erratically. Flournoy saw defendant drive into and knock down a highway stop sign located near the Mathews' mailbox. Flournoy's wife testified that she also recognized the car as Bassett's. Mrs. Mathews testified that when she got up in the morning she discovered that a car which had made numerous tracks in the snow in the area of her driveway had run into and damaged her mailbox and shrubbery. While there was no direct evidence that defendant struck Mrs. Mathews' property, we think the circumstantial evidence was sufficient to exclude every reasonable hypothesis other than that he was the person who inflicted the damage. The jury was authorized to find that defendant acted wilfully and maliciously in the operation of his car at the time and place set forth in the indictment.

2. It was not error to refuse defendant's written request to charge abstractly that the jury should not consider any hearsay testimony which might have been introduced as hearsay has no probative value. Though it contained a correct proposition, this requested charge was not a complete and perfect exposition of law and was not adjusted to the

case.  See *Lewis v. State,* 196 Ga. 755, 760 (27 SE2d 659);
*McEwen v. State,* 113 Ga. App. 765 (5) (149 SE2d 716).
*Judgment affirmed. Eberhardt and Deen, JJ., concur.*

SUBMITTED APRIL 9, 1969—DECIDED MAY 7, 1969.

*Wyatt & Wyatt, John M. Wyatt, E. Kiser Whatley, Jr.,* for
appellant.