### 74031. FORD v. THE STATE.
### 74032. BLAIR v. THE STATE.
(359 SE2d 435)

McMURRAY, Presiding Judge.

Defendant Ford appeals his conviction of the offense of burglary in Case Number 74031 and in Case Number 74032 defendant Blair appeals her conviction of the offense of theft by receiving stolen property (with a value exceeding $500). *Held*:

1. Defendant Ford contends the trial court erred in admitting in evidence his statement when the evidence in the *Jackson-Denno* (378 U. S. 368 (84 SC 1774, 12 LE2d 908)) hearing strongly suggests that he did not understand his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694). During the *Jackson-Denno* hearing, out of the presence of the jury, an investigator for the Sheriff's Department testified that he spoke to defendant on April 15, 1986. The investigator stated that he advised defendant of his constitutional rights by reading the *Miranda* warnings from a printed form and that defendant appeared to understand those rights. However, defendant was not questioned at that time as he appeared to be intoxicated. The investigator spoke to defendant Ford again the following day, April 16, 1986. The investigator testified that at that time defendant Ford was again advised of his rights and subsequently gave the statement at issue. The investigator was asked, in relation to his again advising

defendant Ford of his *Miranda* rights on April 16: "Did he appear to understand his rights then?" This enumeration of error is predicated upon the investigator's negative response to this question. However, at trial before the jury, the investigator testified that after defendant was advised of his *Miranda* rights on April 16 defendant did appear to understand those rights. While the State suggests that the negative answer relied upon by defendant is "[a]pparently, . . . a typographical error" there has been no attempt to correct the transcript as provided under OCGA § 5-6-41 (f). Nonetheless, in reviewing the trial court's determination as to the voluntariness of defendant's statement we must look to all of the evidence contained in the record. *Stapleton v. State*, 235 Ga. 513, 516 (1) (220 SE2d 269). Thus, the record presents a contradiction in the testimony of the investigator as to whether defendant appeared to understand his *Miranda* rights on April 16. This presented a factual issue for determination by the trial court. "It is axiomatic that factual and credibility determinations by the trial court as to the voluntary and intelligent waiver of a *Miranda* right will not be disturbed on appeal unless clearly erroneous. *Evans v. State*, 176 Ga. App. 818 (338 SE2d 48) (1985); *McCright v. State*, 176 Ga. App. 486 (336 SE2d 361) (1985)." *Pierce v. State*, 180 Ga. App. 847, 848 (1) (350 SE2d 781). In the cases sub judice, there was evidence to support the trial court's ruling that the statement of defendant Ford was admissible.

2. The charges against defendant Blair are predicated upon her possession of a video cassette recorder (VCR) and a pistol taken in the burglary of which defendant Ford was convicted. The video cassette recorder was obtained by law enforcement officers during a search of defendant Blair's house. Defendant Blair enumerates as error the denial of her motion to suppress the evidence found during the search of her home.

Two video cassette recorders were taken in the underlying burglary. In the affidavit for a search warrant one of the video cassette recorders identified by make, model and serial number, was included in the list of stolen goods believed to be concealed on the premises of defendant Blair's home. The search warrant for defendant Blair's home authorized the seizure of the fruits of the burglary, specifically including the video cassette recorder which was identified by make, model and serial number in the affidavit. Upon executing the search warrant the officers discovered that the video cassette recorder actually present in defendant's home was not the one identified in the affidavit and warrant, but the other one which had been taken in the burglary. The officers then decided "to hold up on any search at the time . . ." The sheriff's investigator proceeded to obtain the sales receipt of the video cassette recorder actually found, which he took to the judge who had issued the search warrant, and whereupon the

search warrant was altered with the approval of the issuing judge to show the identity of the video cassette recorder which had been found in defendant Blair's home. Defendant Blair's first argument in support of this enumeration of error challenges the above procedure apparently on the grounds that an impermissible second search was conducted under authority of the same warrant. See *Delaney v. State*, 135 Ga. App. 612 (218 SE2d 318). However, our interpretation of the circumstances which occurred is somewhat different. The sheriff's investigator testified that he left an individual, apparently another law enforcement officer, at defendant Blair's home while he left to accomplish the alteration of the search warrant. As a practical matter, the video cassette recorder was already seized when the alteration of the search warrant occurred. However, as the video cassette recorder actually found in defendant Blair's home was found during a search for the video cassette recorder originally identified on the face of the search warrant when it was served, the search and seizure of the evidence at issue was legal. *Whittington v. State*, 165 Ga. App. 763 (302 SE2d 617); *Dugan v. State*, 130 Ga. App. 527, 531 (2) (203 SE2d 722). Under our view of the circumstances we need not address the issues arising from the alteration, or attempt to alter the search warrant.

Defendant Blair's remaining arguments in regard to the motion to suppress are in support of her contention that under the totality of the circumstances there was no probable cause for the issuance of the search warrant. The sheriff's investigator's affidavit for search warrant sets forth as facts supporting the issuance of a search warrant: "Received information from a confidential informer that he has seen said merchandise in the past 24 hours. Informer states that he was told about the burglary by the offenders; Robert Blair and a person by the nickname of 'Red,' both black males."

While the affidavit does not establish the reliability of the informant under the totality of the circumstances test this deficiency may be compensated for with a strong showing of some other factor establishing a reasonable cause for belief of the informant's tip. In the cases sub judice, this is established by the contemporaneous nature of the information and by the informant's personal observation of the stolen items. See *Illinois v. Gates*, 462 U. S. 213, 234 (103 SC 2317, 76 LE2d 527), and *Felker v. State*, 172 Ga. App. 492, 495 (4) (323 SE2d 817).

Defendant Blair also argues that the sheriff's investigator took the information he obtained from an informant and "bolstered it by adding serial numbers and other pertinent information obtained from other sources," the net effect being to reflect that information gained from several sources was given by a single confidential informant. However, affidavits for search warrants must be interpreted in a common sense and realistic fashion. *State v. Babb*, 134 Ga. App. 302 (214

SE2d 397); *Driscoll v. State*, 129 Ga. App. 702 (201 SE2d 11). Thus, when an affidavit states, as in the cases sub judice, that a confidential informant was told about a burglary by the perpetrators and has observed the merchandise which is the fruit of the crime we will commonly anticipate that such precise detail in the description of the stolen items as serial numbers (and model numbers where such are as prolific as they often are in consumer electronic devices) was more likely obtained from the victim (or some source connected with the victim) than from the informant. We do not believe the judge who issued this search warrant was misled. Nor do we see any harm to defendant Blair resulting even if there had been a misconstruction of the affidavit as under the facts established there was no lack of probable cause for issuance of the search warrant.

3. Defendant Blair contends that there was insufficient evidence to establish the value of the stolen goods she received was in excess of $500. The two items at issue are a video cassette recorder and a pistol. As to the video cassette recorder the State's evidence is that the machine was purchased new approximately three years prior to the burglary for approximately $835, and the life expectancy of the machine was nine years, and that there was nothing wrong with the machine. A picture of the video cassette recorder was introduced into evidence. The stolen pistol was a Browning 9 millimeter which had been purchased new three days before the burglary. A law enforcement officer testified as to his opinion that the pistol had a value of $350 to $500 and that the purchase price of the pistol had been $475.

While there was no direct proof of the value of the video cassette recorder there was circumstantial evidence sufficient to permit a jury to determine its value. See *Ragsdale v. State*, 170 Ga. App. 448, 450 (317 SE2d 288). We note in this regard the jury's awareness of the value of such "everyday objects" as video cassette recorders. *Moore v. State*, 171 Ga. App. 911, 912 (2) (321 SE2d 413). There was sufficient evidence for the jury to determine that the combined value of the goods in defendant Blair's possession was in excess of $500.

4. Both defendants contend that one of the jurors should not have heard the cases sub judice as he was disqualified to sit therein because he had a preconceived prejudice and bias prior to the trial of the cases. Defendants argue that the juror in question failed to reveal when asked upon voir dire that he had been a victim of a theft, and cite *Thomas v. State*, 249 Ga. 339, 341 (290 SE2d 462) for the proposition that a party is entitled to rely on the juror's answers upon voir dire absent actual knowledge of the incorrectness of those answers. The defendants' position is thus predicated upon the supposition that the juror has been the victim of a theft. While defendants refer to the testimony of the juror at the hearing on their motions for new trial as providing proof in this regard, we find nothing in the

juror's testimony compelling such a conclusion. At the hearing on the motion for new trial, the juror continued to deny that he had ever been a victim of a theft and was questioned specifically in regard to several incidents. In one incident the juror informed a law enforcement officer that he had a gun missing. The juror testified, "I told him [the officer] I had a gun missing, went over to my boy's and there is my gun, he brought it back home." Another incident involved a chainsaw which was not found after the smokehouse in which it was stored burned down. In both incidents the juror had a discussion with a law officer regarding the missing item but in neither case did the juror report the item stolen. Therefore, we find that the trial court was authorized to conclude that there was no factual support for defendants' contentions.

*Judgments affirmed. Sognier and Beasley, JJ., concur.*

DECIDED JULY 7, 1987.

*Samuel C. Finster, Sr.,* for appellant (case no. 74031).
*Edward F. Hurley,* for appellant (case no. 74032).
*David L. Lomenick, Jr., District Attorney, David L. Whitman, Susan R. Sarratt, Assistant District Attorneys,* for appellee.