### 75172. HOUSE v. THE STATE.
(362 SE2d 429)

BIRDSONG, Chief Judge.

Appellant David W. House appeals his conviction of driving under the influence of alcohol (OCGA § 40-6-391 (a) (1)) and speeding (OCGA § 40-6-181). A Georgia State Patrol trooper, using a radar detection device, determined that appellant was driving his motor vehicle upon a state highway at a speed of 71 miles per hour. Upon stopping appellant and observing his physical condition, which included glassy eyes, slightly slurred speech, strong smell of alcoholic beverage on the breath, and a slight unsteadiness of foot, the trooper elected to subject appellant to certain tests for intoxication. Appellant submitted to a state administered chemical test, and the test results reflected appellant's blood-alcohol content as being .10 percent by weight of alcohol. *Held*:

1. Appellant's first enumerated error is that the trial court erred in overruling the motion for directed verdict as to both counts. Our review of the transcript convinces us that ample evidence exists "from which any rational trier of fact could conclude beyond a reasonable doubt that appellant was guilty of [the offenses] charged." *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

Further, we are satisfied that the prosecution substantially complied with the requisite evidentiary requirements in the admission of State Exhibits 7 and 8 (certificate of radar calibration and Federal Communication Commission's station license, respectively). OCGA § 24-3-14; *Wiggins v. State*, 249 Ga. 302 (290 SE2d 427). Appellant's objection at trial to the admission of State Exhibits 7 and 8, in large measure, was predicated upon the basis that it constituted error for the trial judge to allow the prosecution to *recall* the state trooper to give testimony which would lay the foundation for the admission of these two exhibits. Appellant has failed to list specifically this issue as an enumerated error, although he refers to it as "Enumeration of Error No. 2" in his brief. Nevertheless, in the interests of judicial economy, we will resolve this issue. We find that the trial judge did not abuse his discretion in allowing the prosecution to recall the state trooper to the stand before the prosecution had rested its case. See

generally *Britten v. State*, 221 Ga. 97 (143 SE2d 176); *Traylor v. State*, 163 Ga. App. 473 (294 SE2d 707).

2. Appellant's second enumerated error is that the trial court erred in allowing the trooper, over appellant's objection, to state repeatedly his opinion as to appellant's state of sobriety. The trial transcript reveals that the trooper was asked his opinion as to two matters: first, as to whether appellant was under the influence of alcoholic beverages and, secondly, whether appellant would have been a less safe driver if he had not been in that impaired condition. As to the latter question, the trooper expressed his opinion at least twice. We are satisfied that the trooper could so express his opinion as to appellant's sobriety. See generally OCGA §§ 24-9-65 and 24-9-67; *Fisher v. State*, 177 Ga. App. 465 (339 SE2d 744). Further, our examination of the transcript satisfies us that the trooper's testimony as to these issues was not cumulative; however, assuming without deciding that cumulative error occurred, such error was harmless as it is " 'highly probable that [any such] error did not contribute to the judgment.' " *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869).

3. Appellant's third enumeration of error is that the trial judge erred by stating in the presence of the jury, during a colloquy with appellant's counsel regarding the wording of a question, that "It is similar to the old question, do you still beat your wife?" This comment is not within the range of comments prohibited by OCGA § 17-8-57. See *Pratt v. State*, 167 Ga. App. 819 (307 SE2d 714) and cases cited therein. We note that appellant neither objected to this remark nor made a timely motion for a mistrial based thereon. *Miller v. State*, 180 Ga. App. 525 (349 SE2d 495). Moreover, the trial judge charged the jury that he had not expressed or intimated any opinions, while making rulings during trial regarding the case facts, witness credibility, weight of the evidence, or defendant's guilt or innocence. Thus, we are satisfied that the comment in issue was rendered harmless in any event.

4. Appellant's fourth enumeration of error contends the trial judge erred in refusing to give a charge which appellant had requested in writing. Specifically, appellant requested the following charge: "I charge you that it is not a violation of the laws of the State of Georgia to consume small amounts of an alcoholic beverage and drive a motor vehicle. It is a violation of the laws to consume such amounts of alcohol affecting the ability to drive a motor vehicle safely."

The Georgia Supreme Court has held that " '[a] written request to charge which is legal and adjusted to a distinct matter in issue, and which may materially aid the jury, should be given in the language requested, although covered by other instructions of the charge in more general and abstract terms.' " *Redding v. State*, 214 Ga. 524 (106 SE2d 5), citing *Randall v. State*, 210 Ga. 435 (80 SE2d 695). The

trial judge concluded that the matters addressed in the requested charge could be argued to the jury, but that the charge would not be given. Implicit in the judge's ruling was his determination that the requested charge would not assist and might even confuse the jury. Further, the trial judge observed that "there are some people that could consume small amounts of alcoholic beverages, whatever that means, and still be unsafe." We agree with the express and implied conclusions of the trial judge, and conclude that the requested charge was potentially misleading as to the correct rule of law applicable in appellant's case. Accordingly, the trial judge did not err in refusing to give the requested charge, as it did not contain a complete and true exposition of the law and was not sufficiently adjusted to the case. *Bassett v. State*, 119 Ga. App. 639 (168 SE2d 343). The enumerated error is without merit.

5. Appellant's final enumeration of error is that the trial judge erred by failing to charge, and by deliberately omitting from the charge relating to the provisions of OCGA § 40-6-392 (b) (1), the language contained in subparts (b) (2) and (b) (3) thereof. We find that appellant's proposed charge was not adequately adjusted to the facts of this case. Accordingly, we find this enumerated error to be without merit. *Hill v. State*, 211 Ga. 683, 685 (88 SE2d 145); *Anderson v. State*, 163 Ga. App. 603, 604 (4) (295 SE2d 564); *Bassett v. State*, supra.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 21, 1987 —
REHEARING DENIED NOVEMBER 3, 1987 — 

*G. Hughel Harrison, Michael White*, for appellant.
*Gerald N. Blaney, Jr., Solicitor*, for appellee.