## 77754. BROWN v. THE STATE.
(378 SE2d 908)

BIRDSONG, Judge.

Appellant, Leonard Brown, originally was tried for the offenses of trafficking in cocaine, simple battery and escape. His first trial resulted in convictions of simple battery and escape, but a mistrial was declared regarding the trafficking charge. Appellant was retried and sentenced on the trafficking in cocaine charge from which he now appeals.

On November 1, 1985, Police Chief Thomas Smith executed a search warrant at the residence of Ruby Scott. A female, later identified as Lisa Thomas, answered the door. Upon gaining admission into the apartment, Chief Smith observed three males sitting in the kitchen. He then observed a closed bedroom door, and upon opening it, found appellant and Toby Davis in the room alone. The room was a bedroom with two twin beds. Appellant and Davis were both sitting on one bed and facing the other, which was closely adjacent thereto. A dinner plate containing a white powder substance, later identified as cocaine, was in plain view on the unoccupied bed, and appellant was observed moving some of the white powder on the plate with a playing card as though attempting to separate it. Toby Davis was just sitting on the bed and was not observed to be doing anything. Chief Smith also observed ten corners of sandwich bags, each containing white powder. Based on his experience as a police officer, Chief Smith believed that the white powder "probably [was] being ready to be packaged and sold." In addition, one small bag and three packs of white powder containing cocaine, a five-inch set of scales, a bank bag, two cards, and two packages of plastic bags were taken from the bedroom. Another set of scales was taken from appellant's vehicle. The white powder mixture in State's Exhibit No. 7 and 7A together contained 106.6 grams of pure cocaine. All other white powder seized in the bedroom and introduced in evidence also contained some amount

of cocaine.

The appellant testified that he went to Ruby Scott's apartment after being told someone there wanted to see him. When he entered the apartment, he was told that Toby Davis was in the bedroom. Appellant saw Davis sitting on the end of a bed, and the plate was sitting nearby. Appellant also observed some little packages of white powder that Davis had "already fixed up." Davis asked the appellant "about did I need anything." Appellant replied that he did not have any money. When Davis asked the appellant this question, he was referring to "[t]hat white powder, that cocaine they call it." Davis put a package in his pocket and subsequently sat down on the bed. Shortly thereafter the police officer entered the room. Appellant admitted that he had picked up a playing card that was lying on the plate with white powder. He denied separating the cocaine, although he admitted that he "might have been fixing to separate the cocaine and look at it" but did not have time to do so before the police officer arrived. Appellant also admitted that when he entered the bedroom he recognized that the white powder was most likely cocaine. He did not object to the presence of cocaine because it was not his house. The likely presence of cocaine was not bothering him, as appellant does not use cocaine. *Held*:

1. Review of the transcript in a light most favorable to the jury's verdict "reveals ample evidence from which any rational trier of fact could conclude beyond a reasonable doubt that appellant was guilty of [the offense] charged." *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Baggett v. State*, 257 Ga. 735 (2) (363 SE2d 257).

2. Appellant asserts that the trial court erred in failing to grant his motion to suppress evidence seized as a result of the execution of a search warrant where there was insufficient probable cause for the issuance of the warrant. Specifically, appellant asserts that "[o]n the face of the affidavit used to obtain the search warrant . . . there are no facts indicating that the search warrant was validly issued."

The trial court denied appellant's pretrial suppression motion both before the trial and when the motion was renewed during trial. Appellant elected when he renewed the suppression motion at trial to "use previously what we've had."

The record before us does not contain the transcript of any suppression hearing. However, the record does contain the trial judge's ruling on the pretrial motion to suppress filed in this case. It appears from this ruling that the trial judge considered and relied upon the transcript of a "motion to suppress evidence hearing," conducted by the trial court during the course of the original trial, regarding an "identical" motion to suppress. Moreover, it appears that the trial court, after reviewing that hearing transcript in regard to the pretrial suppression motion filed in this case, reached the same findings as it

did in disposing of the motion to suppress filed during the original trial. These findings include findings that the magistrate had probable cause to issue the warrant and that the appellant had no expectation of privacy in the premises searched.

"Evidence used in the determination of probable cause may be presented by written affidavit, sworn testimony or *both*." (Emphasis supplied.) *Lewis v. State*, 255 Ga. 101 (2) (335 SE2d 560). As the hearing transcript has not been included in the record, we are unable to determine whether any sworn testimony was received by the magistrate and, if so, its content. "In the absence of a transcript of the suppression hearing, ' "we must assume as a matter of law that the evidence adduced at the hearing supported the findings of the court." ' " *Santone v. State*, 187 Ga. App. 789, 790 (371 SE2d 428). Moreover, " ' "[t]he duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for concluding' that probable cause existed." ' " *Rush v. State*, 188 Ga. App. 520, 522 (373 SE2d 377), citing *Illinois v. Gates*, 462 U. S. 213, 234 (103 SC 2317, 76 LE2d 527). Examination of the face of the affidavit in support of the warrant, using a totality of the circumstances test, does not reveal any deficiency that would per se negate the existence of probable cause. See generally *Illinois v. Gates*, supra; *Lewis*, supra; *Ford v. State*, 183 Ga. App. 566 (2) (359 SE2d 435); *Thomas v. State*, 183 Ga. App. 819 (1) (360 SE2d 75). Accordingly, we find this enumeration of error to be without merit.

3. Appellant asserts that the trial court erred in failing to grant a motion to suppress cocaine entered as evidence based on the failure of the State to perfect the chain of custody. Specifically, appellant attacks the chain of custody because his counsel observed the cocaine on a table at a restaurant during lunch. The transcript reflects that appellant's counsel in support of his motion stated: "I saw Officer Smith over there eating lunch with the [evidence] bag, the bag all wide open and all." Subsequently, in an out-of-court hearing, appellant's counsel did not accept the trial judge's advice that counsel would have to testify if he wanted to place his testimony in the record. However, counsel did admit in response to a question from the trial judge as to whether the bag was in the possession of Officer Smith that "[y]eah, he had it laying up on the table." It thus appears from the current state of the record that this incident occurred during a lunch break in the case sub judice, and after the evidence had been subjected to laboratory analysis.

" '(W)here the State seeks to introduce evidence of a fungible nature, it must show a chain of custody which is adequate to preserve the identity of the evidence. [Cit.] Hence, the burden is on the prosecution "to show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitu-

tion." [Cit.] However, the State need not negate all possibility of tampering, and "need only establish reasonable assurance of the identity" of the confiscated evidence.' " *Johnson v. State*, 184 Ga. App. 745 (1) (a) (362 SE2d 450); accord *Spead v. State*, 187 Ga. App. 359 (1) (370 SE2d 213). We are satisfied based on the posture of the trial record that the State has met its burden. Moreover, "[t]he remote possibility that some intermeddler having nothing to do with the case" tampered with the evidence at some point after laboratory analysis thereof "does not require the suppression of the evidence." See *Pope v. State*, 256 Ga. 195 (6) (345 SE2d 831). Accordingly, this assignment of error is without merit.

4. Appellant asserts that the trial court erred when it failed to charge the jury on the equal access rule and held that the posture of the evidence did not raise the equal access issue. It is never error for a trial court to refuse to charge on a legal issue, even though requested to do so in writing, when the evidence does not reasonably raise the issue. See *Hernandez v. State*, 182 Ga. App. 797 (3) (357 SE2d 131); *Santone*, supra at 791 (2); compare *Cash v. State*, 224 Ga. 798 (4) (164 SE2d 558). The equal access rule does not apply, and no charge regarding the rule need be given, when the "contraband is not in an open, notorious and equally accessible area." *Manbeck v. State*, 165 Ga. App. 625 (3) (302 SE2d 361). In this case, the bedroom door was closed. The appellant denied possession of the drugs and testified that he assumed Toby Davis was in possession of the powder. Toby Davis testified that when he arrived at the apartment, the appellant was in the bedroom separating and bagging the drugs and that no one else was in the bedroom with him at that time. We do not consider the drugs in these circumstances to be in an open, notorious and equally accessible area within the meaning of *Manbeck*. Accordingly, we find that the equal access issue was not reasonably raised by the evidence and that no charge thereon was required. Moreover, under the posture of the evidence, we are satisfied that the giving of an equal access charge could potentially mislead and confuse the jury. See generally *Bland v. State*, 210 Ga. 100, 107 (8) (78 SE2d 51); *House v. State*, 184 Ga. App. 724 (4) (362 SE2d 429); *Crosby v. State*, 150 Ga. App. 555, 558 (258 SE2d 264).

Appellant further asserts, in this same enumeration of error, that the trial court erred in failing to grant a motion for a directed verdict that was based on lack of evidence due to the alleged applicability of the equal access rule.

At the onset, we caution that it is a codal requirement that enumerations of error "shall set out separately each error relied upon." OCGA § 5-6-40; *Palmer v. State*, 186 Ga. App. 892, 899 (4) (369 SE2d 38); *Hester v. Baker*, 180 Ga. App. 627 (1) (349 SE2d 834).

A directed verdict of acquittal is authorized only where there is

"no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law." *Taylor v. State*, 252 Ga. 125 (1) (312 SE2d 311). As there was a conflict in the evidence at trial, the trial court did not err in denying appellant's motion for a directed verdict of acquittal. See summary of facts and Division 1, supra.

This enumeration of error is without merit.

5. Appellant asserts that the trial court erred in failing to grant a mistrial because of the prosecutor's statement that "flight is evidence of guilt." During opening statement, the prosecutor said: "I expect to show that *as a further indication of guilt* . . . the defendant . . . was arrested and committed to the Washington County Jail . . . and that upon his being there . . . he . . . escaped." (Emphasis supplied.) Assuming without deciding the making of the statement constituted error, the trial court negated any prejudicial effect of the error by giving a timely curative instruction regarding flight and by correctly charging as to evidence of flight in its charge to the jury. "The decision of whether to grant a motion for a mistrial is within the sound discretion of the trial court and his ruling will not be disturbed on appeal absent an abuse of discretion. [Cit.] . . . Furthermore, it is not reversible error to refuse to grant a mistrial if the alleged harmful testimony can be corrected by a proper instruction to the jury." *Flowers v. State*, 252 Ga. 476 (2) (314 SE2d 206); accord *Crawford v. State*, 256 Ga. 585 (2) (351 SE2d 199). Abuse of discretion does not exist in this case because the curative instruction and subsequent charge on flight would serve to prevent any misconception by the jury as to the probative value of such evidence and, thus, could prevent the prosecutor's statement from having any prejudicial impact on appellant. See *Dimauro v. State*, 185 Ga. App. 524 (2) (364 SE2d 900). This enumeration of error is without merit.

6. Appellant asserts that the trial court erred in failing to grant a mistrial in the case based on the prosecutor's repeatedly putting the appellant's character in evidence. We disagree. Although no curative instructions were given regarding the incidents of which appellant complains, no such instructions were specifically requested by appellant. "A motion for a mistrial is not per se the equivalent of a specific request for a curative instruction to the jury." *Oller v. State*, 187 Ga. App. 818 (4) (371 SE2d 455). Reviewing the transcript in its entirety, we are satisfied that the trial judge did not abuse his discretion in denying the motion for mistrial. Moreover, assuming without deciding that the prosecutor did place appellant's character in issue as asserted in this enumeration of error, we find that the error was harmless, as it is " ' "highly probable that (any such) error did not contribute to the judgment." ' " *House v. State*, 184 Ga. App. 724 (2), supra, citing *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869).

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

Decided February 15, 1989.

*John J. Pilcher II*, for appellant.

*Richard A. Malone, District Attorney, William S. Askew, Assistant District Attorney*, for appellee.