## A89A0313. SCRETCHEN v. THE STATE.
### (385 SE2d 115)

BENHAM, Judge.

Appellant was convicted of burglary. On appeal, he complains of the denial of a motion to suppress, of the trial court's refusal to give a requested jury charge, and of the insufficiency of the evidence.

1. In support of his enumeration of error concerning the denial of his motion to suppress, appellant argues in essence that his arrest was illegal. We disagree.

The arresting officer testified that, on the day of the arrest, he first saw appellant walking empty-handed in a residential area in which there had been a number of daytime burglaries, then saw appellant again 35 minutes later, walking in a direction which would take him out of the residential area. At the second sighting, appellant was carrying a hedge trimmer in one hand and a black box in the other; an electric drill was protruding from a jacket pocket; and a camera in a case was hanging around his neck. The officer stopped appellant, asked for identification, and received a driver's license. He recognized appellant's name as having appeared on reports filed by area pawn shops. When asked about the items he was carrying, appellant responded that they were his; that he stored them at a house nearby; that the hedge trimmer was for yard work; and that the drill was for occasional carpentry. Appellant made no explanation when asked what use he had for the camera. The officer testified at trial that the suspicions he had when he saw appellant carrying the diverse objects were deepened by appellant's lack of explanation about the camera. He then opened the camera and found a name other than appellant's imprinted therein. Appellant had no explanation for that name being in the camera case. The officer testified that he placed appellant in custody at that time and transported him to the location where appellant claimed that he kept the items he was carrying. Given the fact that the police officer had seen appellant empty-handed a few minutes earlier and that the area had suffered several daytime burglaries, we have no hesitation in ruling that the officer's initial stop of appellant was valid. *Coley v. State*, 177 Ga. App. 669 (1) (341 SE2d 9) (1986).

There can be no serious question that appellant was arrested at the time he was put into the police car. "The test for determining whether a person is 'in custody' . . . is if a reasonable person in the suspect's position would have thought the detention would not be temporary. [Cit.]" *Hughes v. State*, 259 Ga. 227, 228 (1) (378 SE2d 853) (1989). Here, appellant was, in the officer's own words, taken into custody when he did not satisfy the officer's inquiries concerning the camera. The officer had already taken appellant's driver's license and was retaining it. It is clear, as a matter of law, that the detention was more than a mere brief stop to check identity and maintain the status quo while making inquiries; that occurred before the officer took appellant into custody. The question that remains is whether the officer had probable cause to arrest at that time.

At the time the officer placed appellant under arrest he knew that appellant claimed ownership of the items he was carrying; that he had no answer when asked about his use for the camera; that the camera had a name on it that was not appellant's; that appellant had no explanation at all for the fact that the name on the camera was not

his; and that appellant's name had appeared on pawn shop reports. We are persuaded that the information the officer had at the time of the arrest amounted to more than a mere suspicion; it constituted probable cause to arrest. See *Minor v. State*, 180 Ga. App. 869 (1) (350 SE2d 783) (1986), where inconsistencies between the suspects' explanations and the observable facts, plus suspicious circumstances and the refutation of part of the explanation, added up to probable cause. The arrest being legal, we find no error in the denial of appellant's motion to suppress.

2. Appellant's defense was that he had found the items he was carrying in a trash pile on the street, in the same way that he had found several other items which he had recently pawned and which turned out to belong to the same person who owned what appellant was carrying when he was arrested. He requested a charge that possession of property abandoned on public land does not constitute a crime, and enumerates as error the trial court's refusal to give the charge. Since the statement of law in the charge is correct in that gathering abandoned property is lawful (*Darden v. State*, 165 Ga. App. 739 (2) (302 SE2d 425) (1983)), and since the requested charge is adjusted to the evidence and not argumentative, and was not adequately covered in the charge as a whole, it was error for the trial court to refuse to give the charge. *Redding v. State*, 214 Ga. 524 (4) (106 SE2d 5) (1958).

3. Appellant also contends on appeal that the evidence was not sufficient to warrant his conviction. We disagree. The evidence authorized the jury to find that appellant was in possession of recently stolen goods, that his explanation for that possession was inconsistent with other evidence, and that appellant had recently pawned other items stolen from the same place. That evidence was sufficient to authorize a rational trier of fact to find appellant guilty of burglary beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Myles v. State*, 186 Ga. App. 817 (2) (368 SE2d 574) (1988).

Notwithstanding the sufficiency of the evidence to convict and the correctness of the denial of appellant's motion to suppress, the trial court's error in refusing to give appellant's requested charge on abandoned property requires reversal of the conviction.

*Judgment reversed. Deen, P. J., and Birdsong, J., concur.*

DECIDED JULY 12, 1989 —
REHEARING DENIED JULY 25, 1989 —

*James A. Yancey, Jr.*, for appellant.
*Harry D. Dixon, Jr., District Attorney, Richard E. Currie, Assis-*

*tant District Attorney*, for appellee.