## A10A2067. REGGLER v. THE STATE.
### (706 SE2d 111)

BARNES, Presiding Judge.

A jury convicted Darren Reggler of burglary, and he appeals. He contends that the trial court erred in denying his motion to suppress and that the evidence is insufficient to sustain his conviction. For the reasons that follow, we affirm.

1. When reviewing a ruling on a motion to suppress, we accept a trial court's findings as to disputed facts unless the findings are clearly erroneous, but if the evidence is uncontroverted and no issue of witness credibility exists, we review de novo the trial court's application of the law to undisputed facts. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

Reggler moved to suppress any evidence illegally seized during the investigation of this crime, including his own statements. He argued that the officer who found him on the scene arrested him without probable cause or a warrant, in violation of his Fourth Amendment rights. At a hearing on the motion, the officer testified that when she responded to a burglary alarm at a townhouse, she found Reggler walking around the building from the back. When she asked what he was doing there, he replied that he lived in the building and had put his dog inside through his back door. The officer asked why he let his dog in the back door but was walking around to the front, and he responded that he lived there and that was his right. The officer checked Reggler's identification, confirmed that he lived in the townhouse next door to the one with the alarm, and asked him to wait in front while she looked at the back of the building. She saw that Reggler's back yard was fenced in but the back yard of the townhouse with the alarm was not, and the screen in a window adjacent to the back door was bent and broken. Seeing that the window was open, the officer returned to Reggler and said she was going to detain him because his actions were suspicious.

The officer was alone, and she placed Reggler in handcuffs, patted him down for weapons, and placed him in the back of her police car until backup arrived. When other officers arrived, they entered the townhouse and found a television on the floor in the

foyer by the front door, the area where the initial audible alarm had indicated movement, and a remote control in Reggler's pocket operated the television. A shoe print near the broken back window matched Reggler's shoes. The investigating officer formally placed Reggler under arrest for burglary.

In denying Reggler's motion to suppress, the trial court concluded that the investigating officer had a reasonable, articulable suspicion sufficient to justify detaining him until backup arrived and the officer could investigate further. The court further concluded that, after discovering that the remote control in Reggler's pocket operated the television on the floor by the front door inside the townhouse and that his shoes matched a print found near the open window in the back, the officer had probable cause to place Reggler under arrest.

For Fourth Amendment purposes, we divide police-citizen encounters into three levels of interaction. *Williams v. State*, 269 Ga. App. 616, 617-618 (604 SE2d 640) (2004). At the first level, a police officer may approach someone with no particularized suspicion of wrongdoing and ask questions, as long as the officer does not detain the person. Id. At the second level, an officer may briefly seize a person for investigation if the officer has a particularized and objective basis for suspecting he is involved in criminal activity. Id. At the third level, a full-scale arrest must be supported by probable cause. Id.

Reggler contends that when the officer took his driver's license and checked for outstanding warrants, he was briefly detained for investigation, but that when he was handcuffed and placed in the police car, he was under a "full scale arrest" made without probable cause. Therefore, he asserts, any evidence seized as a result should have been suppressed. The State responds that the trial court properly found that Reggler was not under arrest at this point, but was being detained for further investigation.

In *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968), the Supreme Court noted that "the limitations placed upon a brief investigatory stop depend[ ] on the facts and circumstances [and] would have to be developed on a case-by-case basis, with the touchstone being always the reasonableness of the officer's conduct." *White v. State*, 208 Ga. App. 885, 888 (2) (432 SE2d 562) (1993). In *White*, an officer waiting for backup handcuffed a suspect and placed him in the back of a police car while he further investigated a check forgery case. Id. at 887-888 (2). This court held that, given that the officer was alone in the dark with the suspect whose actions were suspicious at best, and the location being investigated was close by, the officer's actions were reasonable under the circumstances. Id. at 888 (2). This court reasoned that an

"officer remains particularly vulnerable during such a stop precisely because a full custodial arrest has not been effected, [and] the officer must make quick decisions as to how to protect himself and others from possible danger." (Citation and punctuation omitted.) Id.

The circumstances in this case are quite similar. The officer responding to an audible alarm call was alone, Reggler acted suspiciously, and the townhouse being investigated was close by. Reggler argues that he was arrested when he was placed in the police car, citing *Scretchen v. State*, 192 Ga. App. 436 (385 SE2d 115) (1989), in which this court said, "There can be no serious question that appellant was arrested at the time he was put into the police car." Id. at 437 (1). The circumstances in *Scretchen* differ from those before us in this case, however; there, an officer saw the defendant walking one way, then returning 35 minutes later with "a hedge trimmer in one hand and a black box in the other; an electric drill was protruding from a jacket pocket; and a camera in a case was hanging around his neck." Id. Upon investigation, the officer discovered that the camera had someone else's name on it, and the officer put the defendant into the police car and drove him to a location where the defendant said he had been keeping the items. Id. Here, Reggler was not taken anywhere, but was seated in the patrol car parked at the townhouse where he lived while the officer awaited backup and then investigated the residence with the alarm. Under the circumstances in this case, the officer acted reasonably by detaining Reggler while she investigated the alarm. See *Campbell v. State*, 255 Ga. App. 502, 505-506 (1) (b) (565 SE2d 834) (2002) (briefly placing a detainee in the back of a patrol car to further a legitimate investigation does not constitute an arrest). This enumeration is without merit.

2. Reggler also includes a one-sentence argument related to the trial court not allowing him to continue cross-examining the investigating officer during the motion to suppress hearing. He did not enumerate this issue as error, but included it at the end of his argument that the trial court erred in finding probable cause for arrest. Assuming without deciding that Reggler properly presented this issue for review, we find no error. The trial court sustained the State's objection to Reggler's cross-examination of the officer as being outside the scope of the motion, and then directed Reggler to move on. Reggler asked no more questions, and on appeal does not discuss any specifics about questions he was unable to ask. Regardless of whether the trial court's ruling was error, Reggler has not shown or even argued how this error caused harm.

3. Reggler contends the circumstantial evidence was insufficient to sustain his burglary conviction. We view the evidence on appeal in the light most favorable to the verdict, and no longer presume the defendant is innocent. We do not weigh the evidence or decide the

witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997). We construe the evidence and all reasonable inferences from the evidence most strongly in favor of the jury's verdict. *Sims v. State*, 226 Ga. App. 116 (1) (486 SE2d 365) (1997).

A conviction based upon circumstantial evidence is authorized when the "proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis but that of the guilt of the accused," OCGA § 24-4-6, although it need not exclude every possible inference or hypothesis. *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662) (1987). When it meets this test, circumstantial evidence is as probative as direct evidence, *Christmas v. State*, 171 Ga. App. 4, 7 (2) (318 SE2d 682) (1984), and "[w]hether this burden has been met is a question for the jury." *Doe v. State*, 189 Ga. App. 793, 795 (377 SE2d 546) (1989).

Viewed in that light, the evidence at trial was that the investigating officer found Reggler coming from the back of the townhouse, and he said he had just put his dog away through his back door. Reggler's shoe print was found outside the broken window of the townhouse with the alarm, and he had a remote control in his pocket that operated the television set that had been unplugged and put on the floor by the front door of the townhouse. Further, Reggler's fingerprints were found on the television. This evidence was sufficient for a rational trier of fact to find Reggler guilty beyond a reasonable doubt of burglary. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Blackwell and Dillard, JJ., concur.*

DECIDED FEBRUARY 4, 2011.

*Cerille B. Nassau*, for appellant.
*Tracy Graham-Lawson, District Attorney, Ikechi A. Brumfield, Assistant District Attorney*, for appellee.

