## 66558. MINES v. THE STATE.

BANKE, Judge.

The defendant was convicted of possessing benzphetamine and phenmetrazine in violation of the Controlled Substances Act. On appeal, he contends that the trial court erred in denying his motion to suppress the alleged contraband and that the state was improperly allowed to impugn his character by offering testimony that he had been involved in a drug transaction just prior to his arrest.

An Atlanta police investigator testified that on May 20, 1982, he received information from a confidential informant, whom he had personally known for two years and from whom he had previously received information resulting in arrests and convictions, that the defendant was en route to Plaza Drugstore in Atlanta with the drugs Preludin and Dilaudid on his person for the purpose of selling these drugs to Don Webb. The officer stated that he was personally familiar with both the defendant and Webb and that, within five minutes of receiving this information, he and another investigator observed the defendant seated in a diner a short distance from the drug store in the company of a young woman. The officers testified that the defendant and his companion remained in the diner for about 10 minutes, during which time two other women came in, sat down across from him, apparently accepted something from him, and handed something back to him. The officers testified that this activity was carried out in a manner which suggested to them, in light of their experience as drug investigators, that a drug deal was taking place.

The defendant and his companion subsequently left the restaurant and approached the drugstore a short distance away, where Don Webb was observed standing in the doorway. At this point, Webb evidently noticed the presence of the officers and disappeared inside the store. The defendant was immediately arrested. A search of his person resulted in the seizure from his shirt pocket of three Didrex tablets, subsequently identified as benzphetamine, and the seizure from one of his pants pockets of 25 Preludin tablets, subsequently identified as phenmetrazine. The Preludin tablets were in a prescription container issued in the name of the defendant's ex-wife, Patsy Mines. Also seized from the defendant were 14 Dilaudid tablets and 64 Valium tablets, but these were in prescription containers bearing the defendant's name. The officers testified that all of the above drugs were commonly sold on the street. In addition to the drugs, $750 in cash was seized from the defendant's wallet, $460 from his right front pants pocket, and $40 from his left front pants pocket.

The defendant testified that the phenmetrazine (Preludin)

tablets belonged to his ex-wife and had mistakenly been handed to him by one of their children on the day before his arrest as he (the defendant) was leaving his parents' home, where his ex-wife was visiting with the children. He explained that the child had evidently confused the Preludin container with a Valium container which he (the defendant) had placed on the kitchen table a short time earlier and that after the child handed it to him, he put it in his pocket without looking at it. The defendant's ex-wife corroborated this account.

The defendant testified that the benzphetamine (Didrex) tablets found in his shirt pocket belonged to a friend whom he had given a ride to see her doctor a few days earlier. He explained that the friend had filled a prescription for the drug on the way home from the doctor's office and had evidently dropped three tablets in his car as she was counting them to make sure that the pharmacist had given her the correct number. He testified that when he discovered the pills on the floor of the car a few days later, he promptly called her to determine whether they might be hers, whereupon she again counted her remaining tablets and confirmed that three were missing. The friend appeared as a witness and corroborated this account. It was the defendant's position that he did not possess either the Preludin or the Didrex with criminal intent but was in the process of returning them to their rightful owners. *Held:*

1. The informant's tip, coupled with the officers' own observations, provided probable cause to believe that the defendant was unlawfully in possession of controlled substances. Accord, *Peters v. State,* 148 Ga. App. 850 (2) (253 SE2d 214) (1979). As there was obviously no opportunity to obtain a warrant prior to effecting the arrest, an arrest without a warrant was authorized pursuant to OCGA § 17-4-20 (a) (Code Ann. § 27-207) to prevent a failure of justice. Accord, *Mitchell v. State,* 226 Ga. 450 (2) (175 SE2d 545) (1970). It follows that the subsequent search of the defendant's person was authorized as a search incident to a lawful arrest, and the trial court did not err in denying the motion to suppress.

2. Since the defendant's position was that his possession of the drugs was justified by the circumstances, the state was entitled to establish his activities in the diner immediately prior to the arrest for the purpose of showing that he did in fact possess the drugs with criminal motive and intent. It is well established that evidence of independent criminal conduct may be admitted for the purpose of showing intent, motive, and the like where its relevancy and materiality outweigh any possible prejudice to the accused. See *Robinson v. State,* 246 Ga. 469 (2), 470 (271 SE2d 786) (1980); *Whippler v. State,* 218 Ga. 198 (3) (126 SE2d 744) (1962). The

testimony at issue was also relevant and admissible as evidence of the circumstances surrounding the defendant's arrest. See generally *Reese v. State,* 145 Ga. App. 453 (4) (243 SE2d 650) (1978); *Frazier v. State,* 150 Ga. App. 343 (1) (258 SE2d 29) (1979).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 7, 1983.

*Susan E. Teaster,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Howard W. Goldstein, Benjamin H. Oehlert III, Assistant District Attorneys,* for appellee.