76174, 76175. DORSEY et al. v. THE STATE.
(371 SE2d 207)

SOGNIER, Judge.

Appellants James Dorsey and Michael Dorsey were tried jointly, charged with trafficking in cocaine, possession of marijuana with intent to distribute, and possession of cocaine with intent to distribute. James Dorsey was convicted of trafficking in cocaine and possession of marijuana with intent to distribute. Michael Dorsey was convicted of possession of cocaine with intent to distribute. Both appeal.

1. Appellants contend the evidence is not sufficient to support their convictions. The evidence disclosed that pursuant to a search warrant authorizing the search of an apartment leased to Michael Traylor, a co-defendant, police went to the apartment, knocked, announced that they were police officers and kicked in the door. Traylor and appellant James Dorsey were standing in the area between the living room and the kitchen, and two loaded handguns were lying on a counter separating the two rooms. Traylor grabbed one of the guns but fell backward and was subdued by the police. James Dorsey took no action but was handcuffed and placed under arrest. During the ensuing search of the apartment, a briefcase containing approximately a pound and a half of cocaine, and an insurance identification card belonging to James Dorsey, was found in a closet in the left rear bedroom. In the same closet police found several assorted bags with cocaine residue; scales; $139 cash and two rolls of coins; and a plastic bag with approximately eight or nine pounds of marijuana. In the same bedroom they found an automatic pistol in a dresser drawer; $2,037 in the same dresser; a .357 Magnum pistol under the bed; and $1,068 at the foot of the bed. Two small packets of cocaine were found in a leather jacket in the living room, which James Dorsey acknowledged belonged to him. Three more packets of suspected co-

caine were found in a kitchen cabinet.

A few minutes after the officers commenced their search, officers watching Traylor and James Dorsey heard someone at the door. Officer Bryan Stencil opened the door and appellant Michael Dorsey (unknown to the officers at the time) was at the door, with one hand up next to the door frame. Stencil identified himself, and Michael Dorsey started bringing his hand down; Stencil saw that Michael Dorsey had a gun in his hand, so Stencil knocked it out of his hand and dragged Michael Dorsey into the apartment, where he was taken into custody by other officers present. He was searched and two small packets of suspected cocaine were found in his pocket, as well as $624 in cash.

The suspected cocaine and marijuana were taken to the State Crime Laboratory for analysis. The large package of suspected cocaine found in the closet was determined to be cocaine, as was the powdery substance in the two packets taken from Michael Dorsey. The large package of cocaine weighed 574 grams, and the substance was 85.8 percent cocaine. The total weight of the powder in the packets taken from Michael Dorsey was less than one gram, as there was only a small amount of powder in the corner of each packet. The bag of green leafy substance found in the closet was determined to be marijuana and had a total weight of nine pounds and one ounce, including the weight of the plastic trash bag.

Appellant James Dorsey testified that he had stayed in Traylor's apartment a few times and when he did so, he used the bedroom where the large amounts of cocaine and marijuana, as well as other items, were found. He denied knowledge of any of the contraband items found in the bedroom, but testified that the insurance identification card in the briefcase belonged to him. He did not know how the card got in the briefcase.

Employees of the apartment complex testified that Traylor had leased the apartment, and the lease agreement had a notation on it that James Dorsey would be staying in Traylor's apartment from time to time.

In regard to appellant James Dorsey, we find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). In the case of appellant Michael Dorsey, we also find the evidence sufficient to support his conviction for possession of cocaine with intent to distribute. Appellant argues that possession of less than one gram of cocaine, together with his possession of a gun and $624, is not sufficient to support his conviction. However, there is no question that two packets of cocaine were found in Michael Dorsey's possession, and his intent was a question for the jury, not this court. *Cade v. State*, 180 Ga. App. 314, 316 (3) (348 SE2d 769) (1986). The court properly instructed the jury that

mere possession is not sufficient to show an intent to distribute, and properly charged the jury on the lesser included offense of possession of cocaine. Since appellant Michael Dorsey's intent was the only issue, and the jury resolved that issue adversely to his contentions, we find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia,* supra. Accordingly, it was not error to deny appellant Michael Dorsey's motion for a directed verdict of acquittal, which he alleges as error in a separate enumeration. *Eaton v. State,* 184 Ga. App. 645, 647 (3) (362 SE2d 375) (1987).

2. Appellants contend it was error to deny their motions to sever the parties for trial. When trial commenced Michael Traylor and both appellants were being tried together. During testimony of the second State witness it became apparent to the trial court that the defenses of Traylor and appellant James Dorsey were antagonistic. Therefore, the trial court severed Traylor's trial from that of appellants pursuant to a pretrial motion to sever which the court had denied, contingent upon what transpired at trial. Appellant Michael Dorsey argues that since most of the evidence presented related to Traylor and appellant James Dorsey, there was no way that he (Michael) could receive a fair trial. Michael Dorsey also argues that his defense was antagonistic to that of his brother, appellant James Dorsey. Michael Dorsey's first argument is belied by the fact that although he was charged with trafficking in cocaine and possession of marijuana based on the amount of cocaine and marijuana found in the apartment, as were his co-defendants, the jury found him not guilty of these offenses, but guilty only of an offense based on the small amount of cocaine found in his pocket. In regard to his second argument, his defense could not be antagonistic to that of James Dorsey, because Michael Dorsey presented no defense.

Appellant James Dorsey argues that failure to grant a severance prior to trial denied him the effective assistance of counsel as well as a fair determination of guilt or innocence.

The grant or denial of a motion for severance in a non-capital felony case is left to the discretion of the court and its ruling will be overturned only for an abuse of discretion. *Cain v. State,* 235 Ga. 128-129 (218 SE2d 856) (1975). The burden is on the defendant to do more than raise the possibility that a separate trial would give him a better chance of acquittal; he must make a clear showing of prejudice resulting in a denial of due process. Id. at 129. With the exception of testimony by an expert from the crime laboratory and apartment employees who testified about Traylor's lease, all of the State's evidence related to the search of the apartment and events occurring during the search. Thus, the evidence was part of the res gestae and would have been the same whether defendants were tried jointly or separately. Although appellant Michael Dorsey and Traylor had the same

first name, the court and counsel made certain that the witnesses specified which "Michael" they were referring to in their testimony. Thus, there was nothing confusing about the evidence, and no danger that evidence against one defendant would be used against another. Further, as stated previously, appellants' defenses were not antagonistic, because Michael Dorsey presented no defense. Under such circumstances, we find no abuse of discretion by the trial court in denying appellants' motions to sever the parties for trial. (James Dorsey presented no argument as to how the court's ruling denied him the effective assistance of counsel.)

### Case No. 76174 — James Dorsey

3. Appellant James Dorsey alleges error in the trial court's denial of his (Amended) Motion For New Trial — Extraordinary Motion For New Trial. The extraordinary motion for a new trial was based on an affidavit by Michael Traylor stating that all of the drugs found in his apartment belonged to him, and James Dorsey had no knowledge of the drugs. The affidavit was filed after Traylor had been tried and convicted by a jury in a separate trial. The court denied the motion on the ground that the court did not believe the affidavit because Traylor had testified at his own trial that he knew absolutely nothing about the drugs, and did not know how they got in his apartment. In a case involving the same issue we held that a trial court has a duty to evaluate the credibility of a witness who was an alleged accomplice, and if it is not reasonably apparent to the trial judge that the alleged newly discovered evidence would probably produce a different result, a new trial should not be ordered. *Evans v. State*, 177 Ga. App. 820, 822 (4) (341 SE2d 483) (1986). *Stephens v. State*, 99 Ga. 200 (24 SE 853) (1896), relied on by appellant, does not address the issue raised here. *Austin v. State*, 121 Ga. App. 244 (173 SE2d 452) (1970), also cited by appellant, applies only when there is no countershowing to the truth of a confession by a third person, and thus, is not applicable to the facts in the instant case. Applying the holding in *Evans* to the case before us, we find no error in the trial court's order denying James Dorsey's extraordinary motion for a new trial.

4. Appellant James Dorsey contends the trial court erred by admitting into evidence, over objection, five guns seized during the search of Traylor's apartment. This contention has been decided adversely to appellant in *Grant v. State*, 141 Ga. App. 272, 275 (2 (a)) (233 SE2d 249) (1977), wherein the court held that two guns found in the car when the defendants were arrested were admitted properly, as all circumstances connected with the arrest are proper matters to be submitted to the jury to be weighed by them for what they are worth.

5. Appellant James Dorsey alleges error in admitting into evi-

dence over objection State Exhibits 14A and 22, the latter exhibit consisting of three bags of suspected cocaine which had not been analyzed at the crime laboratory. In regard to this enumeration Sylvia Guice, a chemist with the State Crime Laboratory, testified that Exhibit 14A contained several items which she designated at the laboratory as 1-A, 1-B, 1-C and 1-D. She analyzed item 1-A, which was the large amount of cocaine weighing almost 600 grams, and chose not to analyze three small ziplock bags containing a small amount of white powder which were part of Exhibit 14A. Guice did not analyze any contents of Exhibit 22, which consisted of the three plastic bags of suspected cocaine found in a kitchen cabinet. Appellant argues that because all items within Exhibit 14A were not analyzed, and Exhibit 22 was not analyzed at all, those exhibits were inadmissible.

In regard to Exhibit 14A, we find the fact that Guice did not examine the small bags containing a white powder to be immaterial insofar as admissibility of the entire exhibit is concerned, since the failure to analyze all items within the overall exhibit (some of which consisted of empty plastic bags) would go to the weight of the evidence, not its admissibility. Further, her testimony that item 1-A was 1.26 pounds of cocaine, with a purity of 85.8 percent cocaine, is more than sufficient to support appellant James Dorsey's conviction of trafficking in cocaine. Thus, we find that allowing a small amount of untested substance into evidence as part of a much larger exhibit would not have influenced the jury's verdict, and any error in allowing the three small packets to be included in the entire exhibit was harmless. See *Moore v. State*, 254 Ga. 674, 677 (333 SE2d 605) (1985).

In regard to Exhibit 22 the evidence was clearly inadmissible, as there was no testimony that the substance in the three small bags comprising the exhibit was cocaine. Nevertheless, for the same reasons set forth above as to admission of an untested portion of Exhibit 14A, we find the error in admitting Exhibit 22 harmless under the circumstances of this case. Id.

### Case No. 76175 — Michael Dorsey

6. Appellant Michael Dorsey contends it was error to deny his motion to suppress evidence seized from his person pursuant to an unlawful arrest. This contention is without merit.

Appellant was arrested after appearing at the door with a loaded handgun in his hand, hidden from view by the door frame where he placed his hand. At the time he was arrested the police were in the middle of a search and four loaded guns and a large quantity of cocaine and marijuana had been seized. Further, Michael Dorsey was unknown to the police at the time. Whether an arrest is valid depends upon whether, at the time the arrest was made, the officers had prob-

able cause to make it, i.e., whether at the moment the facts and circumstances within their knowledge were sufficient to warrant a prudent man in believing the defendant had committed or was committing an offense. *Blackwell v. State*, 248 Ga. 138, 139 (2) (281 SE2d 599) (1981). OCGA § 17-4-20 (a) authorizes a warrantless arrest of a person when there is likely to be a failure of justice. The record here reveals clearly that the officers had probable cause to arrest Michael Dorsey, and due to exigent circumstances there was a likelihood there would have been a failure of justice had the police delayed their arrest of Michael Dorsey. *Blackwell*, supra. Since the arrest was legal, a search conducted pursuant to that arrest was authorized. *Humphrey v. State*, 231 Ga. 855, 858 (1) (204 SE2d 603) (1974); *Robertson v. State*, 161 Ga. App. 715, 716 (3) (288 SE2d 362) (1982). Accordingly, it was not error to deny appellant's motion to suppress.

*Judgments affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED JUNE 14, 1988 —
REHEARINGS DENIED JULY 7, 1988 —

*Ira B. Brownlow, Jr.*, for appellant (case no. 76174).
*Richard O. Allen, Larry J. Steele*, for appellant (case no. 76175).
*Robert E. Wilson, District Attorney, Nelly F. Withers, Patricia G. Higginbotham, Assistant District Attorneys*, for appellee.