## A89A1831. WARD v. THE STATE.

(387 SE2d 150)

BANKE, Presiding Judge.

The appellant brings this appeal from his conviction of trafficking in cocaine.

Captain Jerry Wolfe of the Milledgeville Police Department testified that while turning his patrol car around in a parking lot he observed the appellant seated in a parked car engaged in a discussion with two other individuals who were standing next to his car. Wolfe stated that he exited his patrol car, walked up to the trio, and stood there for a while listening to their conversation, until he heard the appellant, whom he had known for years, tell the other two, " 'I've got to go. . . . I will see you later,' or something like that." Wolfe then said to the appellant, "Wait a minute, I want to talk to you," and the appellant, who had just started his car, turned off his ignition. Wolfe testified that he then told the appellant he had heard reports he was dealing in drugs and advised him that, if he was, he needed to stop. He stated that the appellant denied he was dealing drugs, whereupon he asked the appellant, "Do you have any drugs on you now?" He said the appellant answered, "About a joint," and that he (Wolfe) responded by telling the appellant he "was going to let him throw it away and he could leave."

Following that exchange, according to the officer, the appellant took two paper bags out of his car, dumped the contents of one of them into some weeds, threw the other onto a pile of debris at the edge of the pavement, and asked, "Can I go?" Wolfe stated that he responded in the affirmative and that the appellant then drove away. Wolfe testified that he immediately examined the discarded items and observed that the bag left on the pile of debris contained a white powdery substance, while the material dumped on the ground consisted of "little bitty baggies" of a type which, in his experience, were used to package crack cocaine. The white powdery substance was delivered to the State Crime Lab for analysis and was revealed to be almost nine ounces of 65 percent pure cocaine. The appellant was apprehended and taken into custody several hours after the seizure of the cocaine, pursuant to an arrest warrant.

The appellant's account of his confrontation with Captain Wolfe was somewhat different from the latter's. While he acknowledged that Wolfe had questioned him about drugs in the parking lot, he denied that Wolfe had asked him whether he was in possession of any drugs or that he had told him he was. He also denied having thrown anything out of the car or having had any cocaine in his possession. *Held*:

1. The appellant contends that the seizure of the cocaine was the product of an unlawful arrest and that the trial court accordingly erred in denying his motion to suppress the contraband. We disagree.

" '(A) person has been "seized" within the meaning of the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.' " *Moran v. State*, 170 Ga. App. 837, 840 (318 SE2d 716) (1984), quoting from *United States v. Mendenhall*, 446 U. S. 544, 553 (100 SC 1870, 64 LE2d 497) (1980). There was no indication that Captain Wolfe made any intimidating display of force or authority to the appellant or anyone else on the scene prior to telling him he wished to speak to him. Rather, the officer's testimony was that upon approaching the appellant and the other two individuals with whom the appellant was engaged in conversation he had simply stood silently waiting for them to finish their conversation. From the officer's account of the confrontation, which in this regard did not conflict significantly with the appellant's, the trial court was authorized to conclude that the appellant had no reason to believe he was not free to leave up until the moment he confessed to being in possession of a "joint." (Of course, after he admitted to being in possession of a "joint," probable cause existed for his arrest for possession of marijuana.)

"On motion to suppress evidence, the trial judge sits as the trior of the facts, hears the evidence, and his findings . . . are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support [them]." *State v. Swift*, 232 Ga. 535, 536 (207 SE2d 459) (1974). As the evidence in the present case did not demand a finding that a reasonable person in the appellant's position would have believed he was not free to leave at the time he was asked if he had any drugs in his possession, we hold that the trial court did not err in denying his motion to suppress. We do not consider this court's decision in *State v. Smith*, 137 Ga. App. 101 (223 SE2d 30) (1975), to be authority for a contrary holding, inasmuch as the appeal in that case was from the *grant* of a motion to suppress. In this case, as in *Smith*, we have declined to interfere with the trial court's determination regarding whether a detention occurred, based on our conclusion that there was evidence to support the court's determination in this regard.

2. The trial court did not err in permitting Captain Wolfe to testify that he told the appellant he had heard reports that the appellant was dealing in drugs. While this statement certainly constituted hearsay and would not have been admissible as evidence that the appellant was in fact dealing in drugs, it was nevertheless relevant and admissible to establish the events leading to the discovery of the cocaine and to the appellant's subsequent arrest. "Testimony of the arresting officer with reference to the legal investigation and circumstances surrounding the arrest is authorized as original evidence under OCGA § 24-3-2. . . ." *Moses v. State*, 166 Ga. App. 425 (2) (304 SE2d 528)

(1983). Accord *Cleveland v. State*, 155 Ga. App. 267 (2) (270 SE2d 687) (1980). The appellant's reliance upon *Little v. State*, 165 Ga. App. 389 (3) (300 SE2d 540) (1983), as contrary authority is misplaced, in that the hearsay evidence at issue there, unlike the testimony at issue in the present case, had no relevance to the circumstances surrounding the defendant's arrest. Rather, its only purpose was to explain why the arresting officer had approached the defendant seeking to purchase drugs.

3. The appellant contends the trial court erred in allowing Captain Wolfe to testify that, on the only other occasion or occasions when he had seen small plastic baggies such as the ones seized in the present case, they were being used to store "crack," a derivative of cocaine. However, the witness made this assertion twice before the appellant interposed any objection to it, and the appellant made no subsequent motion to strike that testimony. "In this [S]tate it is necessary to object to evidence at the time it is actually offered, and failure to do so amounts to a waiver of any objection which the appealing party might have." *Bridgers v. State*, 183 Ga. App. 98, 99 (357 SE2d 894) (1987). Consequently, this enumeration of error presents nothing for review.

4. The appellant contends that the trial court erred in allowing the State to introduce testimony and present argument to the jury that the cocaine seizure in this case was the largest in the history of Baldwin County, Georgia. While we agree with the appellant that this testimony had no relevance to the issues being tried, we conclude that in the context of the issues being tried its admission was harmless. See generally *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976). The central question before the jury was whether the appellant was in possession of the cocaine in question. If so, then he was guilty of trafficking in cocaine, without regard to the relative magnitude of the seizure. See generally OCGA § 16-13-31 (a) (1). If, on the other hand, the jury believed that he was not in possession of the cocaine, then the evidence and argument concerning the relative magnitude of the seizure could not have prejudiced him.

5. The appellant contends that the trial court erred in allowing the State's attorney to characterize him during closing argument as "[a] man who's willing to do, to sell this kind of stuff to our young people here in this community. . . ." The appellant asserts that this argument was improper because there was no evidence that he was selling cocaine to anyone, much less to young people. However, it was clearly inferable, both from the amount of cocaine seized and from the appellant's possession of numerous, extremely small zip-lock bags, that the cocaine was slated for distribution in smaller quantities. Moreover, we believe that the level of general public awareness concerning this nation's cocaine problem has reached a point where it is

common knowledge that a large part of the market for this drug is created by young people. " 'While counsel should not be permitted in argument to state facts which are not in evidence, it is permissible to draw deductions from the evidence, and the fact that the deductions may be illogical, unreasonable or even absurd is a matter for reply by adverse counsel and not rebuke by the court.' (Cits.)" *Ladson v. State*, 248 Ga. 470, 476 (285 SE2d 508) (1981). For these reasons, we find this enumeration of error to be without merit.

6. The appellant contends that the trial court erroneously allowed the State's attorney to place his character in issue by asking him on cross-examination whether he had ever seen small plastic bags of the type seized in this case. As we do not agree that this question placed the appellant's character in issue, we conclude that this enumeration of error is also without merit.

7. The appellant contends that the trial court erred during voir dire in allowing the State's attorney to ask several prospective jurors such questions as whether they had ever served on a jury before, what jury they had served on, and whether they had served as foreman. While we recognize that "it has been held not to be error for the court to refuse to allow defense counsel to ask prospective jurors concerning their service as jurors in other cases, [cits.]," *Henderson v. State*, 251 Ga. 398, 401 (306 SE2d 645) (1983), it certainly does not follow that a trial judge may never permit such questioning. As the appellant has not suggested how this line of questioning could have been prejudicial to him, we hold that this enumeration of error establishes no ground for reversal.

8. The appellant contends that the trial court erred in refusing to strike for cause a prospective juror who had taught a course for the Georgia State Patrol on the evils of alcohol and drugs and who made certain statements during voir dire indicating that he had such strong feelings against drug users that he would be more inclined to accept the State's evidence in a drug case than he would in some other type of case. However, on further questioning by the State's attorney and by the court, this juror asserted that he would be able to base his decision solely on the evidence presented in court and that he would not require "less evidence" to convict the appellant in the present case than he would to convict a defendant facing trial on, for example, a bad check charge. "A juror is not disqualified if he can lay aside whatever opinions or impressions he may have had and decide the case based upon the evidence presented in court." *Spivey v. State*, 253 Ga. 187, 196 (319 SE2d 420) (1984). Based on the prospective juror's retraction or clarification of his original statements during voir dire, the trial court did not abuse his discretion in refusing to disqualify him for cause. Accord *Devier v. State*, 253 Ga. 604, 608 (323 SE2d 150) (1984).

9. The appellant contends that the evidence was insufficient to support the jury's verdict, arguing that "the State's contention that [he] voluntarily threw down 243½ grams of cocaine onto the ground while a policeman watched and then was allowed to drive away by the police officer and made good an escape before the policeman could walk seven or eight feet to pick up the cocaine is utterly fantastic and not credible." The jury, of course, is the final arbiter of the credibility of the witnesses. See generally *Branch v. State*, 175 Ga. App. 696, 697 (334 SE2d 24) (1985). From the evidence as a whole, we hold that a rational trier of fact could reasonably have concluded beyond a reasonable doubt that the appellant was guilty of trafficking in cocaine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 28, 1989 —
REHEARING DENIED OCTOBER 10, 1989 —

*Milton F. Gardner, Jr.*, for appellant.

*Joseph H. Briley, District Attorney, Al Martinez, Assistant District Attorney*, for appellee.