A90A0380. JONES v. THE STATE.
(395 SE2d 69)

COOPER, Judge.

Appellant was convicted by a jury of trafficking in cocaine. OCGA § 16-13-31 (a). On appeal, in addition to the general grounds, appellant enumerates as error the denial of his motion to suppress and the trial court's charge to the jury on trafficking.

An investigator with a county sheriff's office received information from a probation officer about an ongoing enterprise of drug transportation. The probation officer had received the information from a concerned citizen who wanted to be a confidential informant. Although the concerned citizen had never given the probation officer any drug information, the citizen had relayed certain information on people which the probation officer had ascertained was true via personal observations. The investigator received the following information: A suspect named John Wayne Jones and two other suspects, nicknamed "Slick" and "Pooh" and with a last name of Morant, were involved in an ongoing enterprise of transporting drugs weekly from Atlanta to Hartwell; Jones was a black male, approximately 6'4" in height with a weight of approximately 400 pounds; and Jones lived in Hartwell and would be driving a silver Mazda. The investigator verified a large portion of the information received with the chief of police in Hartwell. After one failed surveillance on I-85, the investigator met with the concerned citizen and the probation officer and was told: the specific days the suspects would travel, that they would travel down I-85 and that they would be driving a rented navy blue, four-door 1983 Oldsmobile Cutlass with South Carolina plates. The investigator enlisted the help of two GBI officers in a second surveillance in which one GBI officer spotted a car fitting the description. The officer verified the South Carolina tags, the description of the driver as fitting the description of Jones, and the presence of two other black males in the car. The officer turned on his headlights and strobe light and after a considerable distance, the car pulled to the side. When the officer stepped out and ordered the driver out of the car, the car accelerated back on to the interstate. After a chase which led into a rest area, the

car was stopped, the driver and one suspect were apprehended, and the third suspect fled into the woods. The third suspect was later caught, and a bag of approximately three ounces of cocaine was found in the area where he was apprehended. The suspects and the car were searched and no other contraband was found.

1. Appellant's first assertion of error that the trial court's charge to the jury on OCGA § 16-13-31 (a) was incorrect is without merit. The corrected transcript reveals that the court referred to 28 grams, not .28 grams. Further, following the charge, and in response to a direct inquiry by the court as to whether appellant's counsel had any objections to the charge, counsel responded, "not at this time, Your Honor." The trial court then stated that if appellant's counsel knew of any error, the court would like counsel to tell the court, to which appellant's counsel again responded that he did not have any objections at the time. Therefore, since appellant neither objected to the charge, nor specifically reserved his objection to a later time, appellant has waived this enumeration predicated on the jury charge. *Cooper v. State*, 188 Ga. App. 297 (2) (372 SE2d 679) (1988).

2. Appellant's contention that the trial court erred in denying his motion to suppress is also without merit. Based on the information received from the concerned citizen, the officer had "specific and articulable facts" which reasonably warranted a brief stop of the vehicle. See *Radowick v. State*, 145 Ga. App. 231 (1) (244 SE2d 346) (1978). "[W]hat is a 'reasonable articulable ground' for the detention may be less than probable cause to make an arrest or conduct a search, but must be more than mere caprice or arbitrary harassment. [Cit.] Each case depends on its own facts." *Allen v. State*, 140 Ga. App. 828, 830 (1) (232 SE2d 250) (1976). Under the facts of this case, the initial stop was justified. Further, the flight of appellant, together with the other circumstances, " 'may be sufficient probable cause to uphold a warrantless arrest or search. (Cit.)' [Cits.]" *Banks v. State*, 187 Ga. App. 280, 281 (1) (370 SE2d 38) (1988). We conclude that the flight, in addition to the information received, was sufficient to create probable cause under the "totality of the circumstances" for the warrantless search and arrest of the suspects. See *Clark v. State*, 189 Ga. App. 124, 125 (375 SE2d 230) (1988). Although the concerned citizen had not previously given information on drugs leading to a conviction, other information from the concerned citizen as well as the information on appellant had been verified, the citizen had obtained his information through some personal observation, and "the details of the tip were corroborated by the personal observation of the investigating [officer]." *McKinney v. State*, 184 Ga. App. 607, 609 (1) (362 SE2d 65) (1987). Therefore, we find no error in the trial court's denial of appellant's motion to suppress.

3. The evidence adduced at the trial of this case was sufficient to

sustain a finding of guilt by a rational trier of fact beyond a reasonable doubt; therefore, the trial court was not in error to deny appellant's motions for a directed verdict and for a new trial. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED JUNE 8, 1990.

*Hester & Hester, Frank B. Hester,*. for appellant.
*Lindsay A. Tise, Jr., District Attorney, John H. Bailey, Jr., Assistant District Attorney*, for appellee.