A90A1600. SALTER v. THE STATE.
(401 SE2d 541)

BANKE, Presiding Judge.

The appellant was convicted of possession of cocaine with intent to distribute based on evidence that a quantity of crack cocaine had been found underneath the back seat of an automobile he was driving. His threshold contention on appeal is that the contraband should have been suppressed as the fruit of an unlawful search or seizure.

Although no transcript of the motion to suppress hearing has been included in the record on appeal, the parties appear to be in agreement that, insofar as the circumstances surrounding the search are concerned, the evidence introduced at trial was identical to the evidence introduced at that hearing. The trial transcript reveals that the circumstances surrounding the search were as follows: Acting in response to information received three days previously from "a concerned citizen" to the effect "there was a [red, 1970 model] Volkswagen coming through down [Hardin Allen Road] selling crack cocaine," the county sheriff and a deputy drove to the location in question, parked on a side road and waited there hoping to "catch the car." At around midnight or 1:00 a.m., a vehicle which sounded to the sheriff like "an old model Volkswagen" came down the road, stopped about a hundred yards from their position and turned off its lights. The officers immediately proceeded toward this vehicle and, as they were doing so, observed another vehicle pull up behind it. Upon reaching the vehicles, the officers turned on their blue lights, and the second vehicle immediately backed up and sped away. The sheriff testified that "[t]he Volkswagen, he wanted to back out, too, but we cut him off."

The officers were able to ascertain at this time that the remaining vehicle was in fact a red Volkswagen and that it was occupied by three persons — the appellant, who was driving, a male passenger seated beside him in the front, and a female passenger seated in the back. The three were immediately removed from the car and searched. Although no weapons or contraband were found on any of them, the appellant and the male passenger were taken into custody, while the female passenger was permitted to leave.

After determining that the Volkswagen belonged to the appellant, the officers asked him to consent to a search of the vehicle, but he refused. The vehicle was then towed to the courthouse, where it was subjected to an "inventory" search, during which two objects described as "homemade pipes" were discovered in a "glove box" on the driver's door. The back seat was then removed from the vehicle, and a "penny matchbox" containing eight pieces of crack cocaine weighing a total of 0.9 grams was discovered on the floor beneath it. Both the male passenger and the female passenger, testifying for the state, denied any knowledge of the contraband. *Held*:

1. "Whether the search is sought to be justified as incident to the appellant's arrest for possession of cocaine or whether it is sought to be justified by exigent circumstances, it cannot be upheld unless probable cause existed for a belief that the appellant was currently in unlawful possession of cocaine. Under the standard set forth by the United States Supreme Court in *Illinois v. Gates*, [462] U. S. [213] (103 SC 2317, 76 LE2d 527) (1983), probable cause may be predicated on an informant's tip only if, under the 'totality of the circumstances,' including the 'veracity' and 'basis of knowledge' of the informant, there is a 'fair probability' that contraband or evidence of a crime will be found in a particular place. Id. at 4716." *Felker v. State*, 172 Ga. App. 492, 494 (323 SE2d 817) (1984).

There is no suggestion in this case that the informant revealed to the sheriff the source of his information, nor was the information he provided sufficiently detailed to suggest that it was based on anything more substantial than mere rumor. See generally *Clark v. State*, 189 Ga. App. 124, 125 (375 SE2d 230) (1988). While the tip, combined with the observed presence of the red Volkswagen on the roadway at 1:00 a.m., its attempted clandestine rendezvous with another vehicle, and the flight of the latter vehicle from the scene, certainly gave rise to an articulable suspicion of criminal wrongdoing sufficient to support an investigatory detention, cf. *Chumbley v. State*, 180 Ga. App. 603 (349 SE2d 823) (1986), we do not believe the facts known to the officers after completing their search of the appellant and the other occupants of the Volkswagen were sufficient under the circumstances to establish probable cause for the appellant's arrest for unlawful possession of drugs. Accordingly, we are constrained to hold that the "in-

ventory search" of the vehicle was not authorized and that the trial court erred in denying the appellant's motion to suppress. Compare *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984); *Clark v. State*, supra; *Cichetti v. State*, 181 Ga. App. 272 (1) (351 SE2d 707) (1986); *Mines v. State*, 167 Ga. App. 766 (1) (307 SE2d 291) (1983).

2. The foregoing holding renders it unnecessary for us to address the appellant's remaining enumerations of error.

*Judgment reversed. Sognier, Pope, Beasley and Cooper, JJ., concur. Carley, C. J., concurs in judgment only. Deen, P. J., McMurray, P. J., and Birdsong, J., dissent.*

DEEN, Presiding Judge, dissenting.

I dissent for some of the reasons stated in Division 2 of the dissent written by Judge Birdsong. I believe that under the "totality of the circumstances" test in *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), the police had probable cause to support warrantless searches of the appellant's person and the car. After the search of appellant's person produced nothing, there still existed an independent probable cause to search the car. The police could have searched the car at the scene, but instead elected to take the car to the police station to search it under more favorable conditions, where they found the cocaine. Regardless of whether it was lawful to arrest appellant at the scene before the cocaine was found, I see no circumstances to indicate that the arrest tainted the subsequent search, or had any effect on the probable cause that continued to exist for the search of the car. The characterization of the search as an inventory taken pursuant to the arrest is not controlling. I agree that for constitutional purposes there was no difference between conducting the search of the car pursuant to probable cause at the scene or at the police station, although arguably the police could have sought a warrant for the search of the car once the decision was made to search it at the station. See *Chambers v. Maroney*, 399 U. S. 42 (90 SC 1975, 26 LE2d 419) (1970).

The seizure of the contraband, which provided support for appellant's arrest and conviction, was lawful. For these reasons and those stated in Division 3 of Judge Birdsong's dissent, I would affirm the conviction.

BIRDSONG, Judge, dissenting.

For reasons hereinafter addressed, I would affirm appellant's conviction of the offense of possession with intent to distribute cocaine.

1. The record does not contain a transcript of the suppression hearing, and appellant is not filing as an indigent, pro se appellant. The trial court's motion on its face reflects that in finding the existence of exigent circumstances justifying a warrantless search, the

court considered the evidence adduced at the evidentiary hearing of July 13, 1989. It is well established that, in the absence of a transcript of the suppression hearing, we must assume as a matter of law that the evidence adduced at the hearing supported the findings of the court. *Brown v. State*, 190 Ga. App. 324, 326 (2) (378 SE2d 908); *Santone v. State*, 187 Ga. App. 789, 790 (371 SE2d 428); compare *Brannon v. State*, 176 Ga. App. 781 (5) (337 SE2d 782). This precedent in my opinion is controlling and alone warrants the affirmation of the trial court's ruling denying the motion to suppress.

The majority, however, asserts that "[a]lthough no transcript of the motion to suppress hearing has been included in the record on appeal, the parties appear to be in agreement that, insofar as the circumstances surrounding the search are concerned, the evidence introduced at trial was identical to the evidence introduced at that hearing." Review of the entire record and the appellate brief of the parties reveals no express concession whatsoever by the State to this effect. Nor do I believe that mere silence on the part of the State, regarding the absence of a suppression motion hearing transcript, can result in the creation either of a stipulation or of an admission in judicio that the evidence introduced at trial was in fact identical to that introduced at the suppression motion hearing. Neither should the State's silence prevent this court from exercising its right to base its judgment on affirmative evidence of record, particularly as we have long recognized the existence of "a presumption in favor of the regularity and legality of *all* proceedings in the superior court." (Emphasis supplied.) *Nalley v. State*, 147 Ga. App. 634, 635 (249 SE2d 685). Accordingly, I find the majority's position inadequate to warrant departure from the precedent of *Brown* and *Santone*, supra.

2. Assuming arguendo the State by silence bound this court to accept the evidence at trial as being identical with that introduced at the suppression hearing, I nonetheless remain convinced the trial court did not err in denying the motion to suppress for the following reasons totally independent of Division 1, above.

The record reveals that the police first received information from a "concerned citizen" to the effect that a red Volkswagen was coming through Hardin Allen Road selling crack cocaine. Under the "totality of the circumstances" analysis of *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527), "while an informant's veracity, reliability, and basis of knowledge are highly relevant in determining the value of his report, these elements are not entirely separate and independent requirements to be rigidly exacted in every case. Rather, they should be understood simply as closely intertwined issues that may usefully illuminate the common-sense, practical question whether there is probable cause to believe that contraband or evidence is located in a particular place." (Punctuation omitted.) *Cichetti v. State*,

181 Ga. App. 272 (1) (351 SE2d 707), citing *Illinois v. Gates*, supra at 462. Moreover, it is not disputed that in this case the information was received from a "concerned citizen" rather than a "confidential informant." This factor is significant, as concerned citizens normally report their information in the performance of their civic duties rather than in hopes of obtaining monetary or judicial benefit or reward. Thus, as a general rule, the information given by "concerned citizens" is vested with a higher degree of initial credibility than that given by "confidential informants," as " '[t]his court has always given the concerned citizen informer a preferred status insofar as testing the credibility of his information.' " *Cichetti v. State*, supra at 273. The police, exercising their professional knowledge and experience, obviously considered the information obtained from this particular "concerned citizen" sufficiently credible to warrant investigation, and after talking with a county commissioner who lived in the area, they put the area under surveillance. The police did not catch the car that night. However, three days later between the relatively late hours of midnight and 1:00 a.m., the police observed a car, which was identified from its sound as being an old Volkswagen, parking on the darkened road and turning off its lights. A second car immediately pulled up behind the Volkswagen. In my opinion, at this time, the observations of the police adequately corroborated the information supplied by the "concerned citizen" sufficiently to enable them to reasonably make a favorable evaluation, based on their police experience, regarding the reliability of the concerned citizen and the validity of his report. Assuming arguendo, however, that probable cause for arrest was still momentarily lacking, the observations of the police, coupled with the adequately corroborated report of the "concerned citizen" would at a minimum provide an articulable suspicion justifying an investigative stop of the vehicles involved. *Jones v. State*, 195 Ga. App. 868, 869 (2) (395 SE2d 69); compare *Alabama v. White*, 496 U. S. ___ (110 SC 2412, 110 LE2d 301).

As the police approached to make the investigative stop, they turned on their blue, strobe light, which should have given both parked cars reasonable notice that it was the police approaching. The second car immediately pulled out and fled the scene. The old Volkswagen, now readily identifiable as red in color, also attempted to flee the scene but was physically prevented from doing so by the police.

Flight in connection with other circumstances can provide probable cause for a subsequent warrantless arrest and search. *State v. Reid*, 247 Ga. 445, 447 (276 SE2d 617); *Jones v. State*, supra at 869 (2); *Travis v. State*, 192 Ga. App. 695, 696 (385 SE2d 779). In this instance, evidence of flight was highly relevant, as the circumstances of flight, coupled with the totality of the other attendant circumstances, would substantially corroborate the information provided by

the "concerned citizen." Compare *Massachusetts v. Upton*, 466 U. S. 727, 730-731 (104 SC 2085, 80 LE2d 721). That is, the evidence of the attempted flight of appellant would, in view of the information provided by the "concerned citizen," the appearance of the vehicle within a few days of the "concerned citizen's" report, the identity of appellant's vehicle as an old, red Volkswagen, the location and time of the incident, the parking of appellant's vehicle on the dirt road, the immediate shutting off of the lights of appellant's vehicle, the immediate arrival of and parking behind appellant's vehicle by another vehicle, and the immediate fleeing of the unidentified vehicle when the police turned on their strobe light, combine effectively, under a totality of the circumstances analysis, to provide *probable cause* for the warrantless arrest of the occupants of appellant's vehicle and the warrantless search for illegal drugs. Here the "concerned citizen's" information and the surrounding facts subsequently observed by the police possessed an *internal coherence* that gave weight to the whole; while no single piece of evidence is per se conclusive, the pieces fit neatly together and so viewed, as in *Massachusetts v. Upton*, supra at 733-734, support the determination of the police on the scene that there was probable cause to believe contraband or evidence of a crime would be found during a search of the vehicle and its occupants. Further, the degree of evidence needed to combine, under the totality of the circumstances, with the initial information provided to the police to result in probable cause is of a lesser degree when the initial information comes from a "concerned citizen" rather than from an "informant" because, as above indicated, the information given by the former is initially vested with a preferred status in regard to the testing of its credibility. *Cichetti*, supra. Accordingly, at the moment the police arrested the occupants of appellant's vehicle at the scene, they had probable cause both to effect warrantless arrests of the occupants and to search the vehicle itself.

After lawfully preventing appellant's vehicle from fleeing, the occupants were seized and placed in a state of arrest; they were not then free to leave the scene and the attendant circumstances were not such as to cause a reasonable person in the suspect's position to believe the detention would be temporary. See generally *Ward v. State*, 193 Ga. App. 137, 138 (1) (387 SE2d 150); *Scretchen v. State*, 192 Ga. App. 436, 437 (1) (385 SE2d 115). Following the search of the vehicle occupants pursuant to their lawful arrest, which revealed no contraband or other incriminating evidence, the female was released and permitted to leave. The warrantless arrest of the occupants was lawful as, if probable cause to arrest exists *at the time of detention* and the person detained is outside the home, the law does not require a warrant. *Singleton v. State*, 195 Ga. App. 119, 121 (393 SE2d 6). Thus, there exists in this case no illegal arrest or illegal search of the vehicle occu-

pants which would taint the subsequent conduct of the police.

Further, as the police had probable cause to believe that drugs were being sold from the vehicle, and as no drugs were found during a search of the occupants, the police could reasonably infer that the drugs must be somewhere within the vehicle itself. However, when the police requested appellant, the operator/owner of the vehicle, to consent to a search thereof he refused. Accordingly, the police elected to keep appellant and the other male occupant under arrest and to take them and the automobile to the sheriff's office. As the police elected to keep appellant in a lawful state of arrest, they became responsible for timely safeguarding his car until it could lawfully be disposed of in the ordinary course of police business. *Jones v. State*, 187 Ga. App. 421, 424 (370 SE2d 784). In this regard, the trial transcript contains no evidence that the released female occupant could drive or that appellant wanted her to take custody of his car, and it may reasonably be inferred that the car could have been stolen or damaged if left parked "on a dirt road," unattended in the middle of the night. Thus, the police's conduct in seizing the car and transporting it *without undue delay* directly to the sheriff's office was reasonable within the meaning of the Fourth Amendment. See *Jones*, supra at 424.

It is important to note that at the moment when the police elected to transport the car to the sheriff's office, they had appellant and his male companion under arrest and they also independently had probable cause to believe that drugs were in the car. Thus, the police could have conducted a limited search of the passenger compartment of the vehicle, by means of a search conducted pursuant to a lawful arrest, or they could have conducted a much broader search of the vehicle based on the existence of probable cause that the vehicle was carrying drugs. See generally Daniel, Ga. Criminal Trial Practice, Search & Seizure, §§ 4-43—4-48. However, having arrested appellant and having gained "lawful possession" of the car, the police also could elect to seize the vehicle, transport it to the sheriff's department, and there make a "good-faith inventory of its contents." *Jones*, supra at 423. Of course, "an inventory of the contents may not be used as a pretext for an investigatory police search." See generally Daniel, supra at § 4-51.

Although the trial transcript is somewhat inconsistent as to whether the police tacitly elected to seize the vehicle and initially conduct a lawful inventory or whether they merely seized it in order to transport it to the sheriff's office where the conditions were more favorable to conduct a warrantless search of the vehicle based on probable cause, it is our duty on appeal to construe the facts to support the verdict. *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737). The sheriff testified that the car was searched after it was taken to his office area. His deputy testified that an inventory of the car was

begun. It appears most likely that the car was subjected to a warrant-less search based on probable cause. In either circumstance, however, I believe that the conduct of the police was not unreasonable within the meaning of the Constitutions of the United States and Georgia.

Assuming that the police elected to take the vehicle to the sher-iff's office in order to obtain more favorable conditions for conducting a warrantless search, I believe that under the attendant conditions such conduct would not have been unreasonable within the meaning of the Fourth Amendment of the United States Constitution. The po-lice had probable cause to believe the car contained drugs, as above discussed; the vehicle was towed to the sheriff's office without delay; and it was subjected to search immediately after the police "got it in." Considering the initial location of the operable vehicle on a dirt road, the time of night of the incident, and the fact that drugs can be hidden in secret compartments and other small spaces, the police were faced with an unexpected exigency and did not act unreasonably in electing to take the vehicle to a location where they would have a better opportunity to find any concealed contraband therein. More-over, the trial transcript reflects that the vehicle was towed to the station without unreasonable delay; and, the record is silent whether the sheriff's office was equipped with an impounding lot or whether sufficient personnel were on duty late that night to keep perpetual guard on the vehicle until such uncertain time when a warrant could be obtained. Following the suppression motion hearing, the trial court denied appellant's suppression motion and found the following sup-porting facts: "exigent circumstances existed so as to justify warrant-less search and further that said exigen[cy] was not diminished by relocating the vehicle to area more suitable for the search." I am sat-isfied, based on the posture of the trial transcript and record, these findings of fact are not clearly erroneous. An appellate court is bound to accept the trial court's decision on questions of fact and credibility of witnesses regarding issues raised during the determination of a suppression motion unless clearly erroneous. *Santone v. State*, supra at 790. Whether exigent circumstances exist in a given situation which will preclude the police from obtaining a warrant is a question of fact to be determined by the trial court, and the trial judge's deci-sion will be sustained if supported by any evidence. *Butler v. State*, 185 Ga. App. 478, 480 (2) (364 SE2d 612). The record in this case provides some evidence in support of the trial court's findings, and I would not reverse this ruling. *Butler*, supra; compare *McKinney v. State*, 184 Ga. App. 607, 610 (2) (362 SE2d 65) (to the extent prior opinions of this court require "exigent circumstances" to justify a warrantless search for contraband where police have probable cause to believe there is contraband inside an automobile which has been stopped on the road, they are overruled). Accordingly, I am satisfied

that the police conducted a lawful warrantless search of the vehicle based on probable cause.

Assuming that the police elected initially to proceed with an inventory, no different result obtains. During such an inventory, "on the driver's side, in a little old pocket on the door," cocaine-related paraphernalia was found. It may be concluded from a totality of the existing circumstances, particularly including the finding of drug paraphernalia inside the car during its routine inventory, that the police now had lawful possession of physical evidence, which provided reasonable grounds to believe that cocaine remained *undetected* inside the car following their inventory. At this point the police would be faced with a dilemma, having apparently completed the scope of a routine inventory, unless they now commenced an immediate warrantless search of the vehicle, the undetected drugs might be subsequently stolen from the vehicle or would be hidden or destroyed as soon as the vehicle was released to the owner or his lawful representative. Thus at this point, the police would still be faced with an exigency as factually found by the trial judge and could, in the absence of initial subterfuge in electing to conduct an inventory, terminate their inventory and proceed with a lawful warrantless search of the vehicle based on probable cause, which in this instance was both pre-existing and continuing.

Thus, I am satisfied that although these facts perhaps reflect a certain confusion on the part of the police, regarding the proper method for proceeding in the face of an unanticipated exigency, that under the totality of the circumstances their conduct was reasonable within the meaning of the Fourth Amendment. Accordingly, I believe the trial court did not err in denying the suppression motion.

3. The evidence of record establishes that drug paraphernalia was found on the driver's side door compartment in the automobile owned and operated by appellant, and that the matchbox of cocaine was found in the back seat of the car. Although the female passenger had been sitting near the location where the cocaine was found, she testified that the matchbox did not belong to her. Likewise, the male passenger also testified that the matchbox was not his. The matchbox contained approximately eight pieces of crack cocaine.

On appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility. *Grant*, supra. While mere possession of cocaine is not standing alone sufficient to show an intent to distribute, in the absence of a lack of evidence of intent as a matter of law, the question of intent is a question for the jury. See *Dorsey v. State*, 187 Ga. App. 725, 726-727 (371 SE2d 207).

The evidence reveals that eight pieces of cocaine of unspecified size of a net weight of 0.9 grams were found in a matchbox in the back seat of the car and two homemade pipes were found in the door

pocket on the driver's side. No testimony was offered by law enforcement experts regarding the method in which crack cocaine was processed for sale, the usual sizes of crack being offered for sale, or any evidence that the amount of cocaine found in the matchbox was an amount usually found on those who sell the drug rather than those who merely possess it for personal use. Accordingly, this case is distinguishable from *Robinson v. State*, 194 Ga. App. 432 (1) (390 SE2d 652) where expert law enforcement evidence regarding drug packaging and distribution techniques was introduced. Nevertheless, there exists ample evidence from which the jury could infer that appellant had the requisite criminal intent. The evidence shows that on a dirt road in the dark of night, appellant stopped his car and shut off his lights; thereafter, another vehicle stopped directly behind him and fled the scene as soon as the police turned on their strobe light. The jury could find from these facts that the unidentified car had not stopped for a lawful purpose, but had made a pre-arranged stop to obtain some of the drugs found in appellant's car, and accordingly appellant had the requisite criminal intent to distribute the drugs as averred in the indictment.

Thus, in my opinion, review of the transcript in a light most favorable to the jury's verdict reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offense of which he was charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

Therefore, I respectfully dissent as, in my opinion, the finding of guilty of the offense of possession of cocaine with intent to distribute should be affirmed.

I am authorized to state that Presiding Judge McMurray joins in this dissent.

### ON MOTION FOR REHEARING.

On motion for rehearing, the state argues, for the first time, that in the absence of a transcript of the motion to suppress hearing it must be presumed that the evidence introduced at that hearing supported the trial court's denial of the motion. The state made no such contention in its original brief but, like the appellant, instead based its statement of facts and its argument on the search and seizure issue entirely on the testimony contained in the trial transcript. We accordingly concluded that the parties had submitted the search issue to us for a decision based on the evidence contained in the trial transcript.

The state now complains that we were not authorized to draw such a conclusion in the absence of an express stipulation by it "agreeing that the transcript of the trial accurately recounts the evidence submitted at the hearing on the . . . motion to suppress." How-

ever, the state has not, to this date, suggested that any relevant evidence concerning the search was in fact presented at the hearing which was not also presented at trial. Nor has it made any effort to explain why, if it considered the absence of a hearing transcript dispositive of the search issue, it did not say so in its original brief rather than basing its argument entirely on the testimony appearing in the trial transcript. Under the circumstances, we have no reason to believe that the state would ever have complained of the absence of the hearing transcript had not this court both raised the issue sua sponte in its original opinion and divided over its significance, nor do we have any reason to doubt the correctness of our original conclusion that the state intended to submit the search issue to us for a decision based on the trial transcript.

*Motion for rehearing denied.*

DECIDED DECEMBER 5, 1990 —
REHEARING DENIED DECEMBER 20, 1990.

*Michael L. Bankston,* for appellant.

*J. Brown Moseley, District Attorney, Donald E. Henderson, Assistant District Attorney,* for appellee.